**E. B. WHEELER, Appellant,**

v.

**W. P. LIGON et al., Appellees.**

Court of Appeals of Kentucky.

May 24, 1968.

William G. Reed, Carrollton, for appellant.

John G. Wright, Warsaw, for appellees.

WADDILL, Commissioner.

This is the second appearance of this case in this court. Originally, this action was instituted by appellees against appellant seeking specific performance of a written contract for the sale of certain real estate and for damages for the breach of their agreement.

Upon the first trial the circuit found that there was no genuine issue of any material fact and that appellees were entitled to specific performance and' damages as a matter of law. Summary judgment was entered accordingly. Upon the appeal to this court, in an unpublished opinion rendered April 22, 1966, we affirmed that portion of the judgment that granted specific performance of the contract and we reversed that portion of the judgment that awarded appellees damages. We directed a new trial on the damage phase of the case.

On the instant appeal it is contended that the judgment as well as the former opinion of the Court of Appeals in the case is erroneous because the record shows that appellees are not entitled to specific performance of the contract. Although the argument that appellees were not entitled to specific performance of the contract was previously rejected by the circuit court and by this court, appellant urges that we should reinvestigate his contentions since

this court is not required, under the "law of the case" rule, to abide by its previous decisions when there has been a miscarriage of justice. Reliance is had upon Union Light, Heat & Power Co. v. Blackwell's Adm'r, Ky., 291 S.W.2d 539, 87 A.L.R.2d 264.

■ This court, acting out of an abundance of caution, has reexamined the records filed in this court on both appeals to ascertain whether there is any merit in appellant's contentions. We are convinced by our search that the correct result was reached by the circuit and appellate courts. Therefore, the "law of the case" rule controls the case, for otherwise litigation would be interminable and a judgment supposed to finally settle the case would be only a starting point for new litigation. Siler v. Williford, Ky., 375 S.W.2d 262; Martin v. Frasure, Ky., 352 S.W.2d 817; Thompson v. Louisville Banking Co., Ky., 55 S.W. 1080, 21 Ky.Law Rep. 1611.

■ We are informed that, upon the former remand of the case to the circuit court, appellant refused to obey the court orders directing him to convey the subject property to the appellees. After numerous hearings upon the matter the circuit court, rather than finding the aging appellant guilty of contempt, entered an order directing him to sign the deed of conveyance by a certain time and, upon his failure to do so, directing the master commissioner to execute and deliver the deed in his behalf. Appellant contends that this order is void because it vested a judicial determination in the master commissioner.

The authority of commissioners, their powers and duties, are now clearly defined. KRS 426.570–426.576; CR 53. We do not accept appellant's contention as sound. Appellant contemptuously refused to obey an order of the court. The court then merely invoked the provisions of CR 70 and directed its commissioner to perform the court order in appellant's behalf. We observe that the court approved the deed and

there was no timely objection to the procedure employed. All of appellant's contentions are without merit.

The judgment is affirmed.

All concur.