**Agnes BILZING and Arthur O.H. Bilzing, Plaintiffs-Appellants,**

**v.**

**Larry WENTZEL and John Hamil, Defendants-Respondents.**

**No. 50832.**

Missouri Court of Appeals, Eastern District, Division Three.

Feb. 10, 1987.

Motion for Rehearing and/or Transfer Denied March 11, 1987.

Application to Transfer Denied April 14, 1987.

---

1. While four houses might sound too imprecise or distant in a suburban or rural context, in this urban location it is not.

Russell F. Watters, St. Louis, for plaintiffs-appellants.

Robert L. Nussbaumer, St. Louis, for defendants-respondents.

KAROHL, Judge.

Plaintiff Agnes Bilzing sustained personal injuries and damage to her motor vehicle from an intersection motor vehicle collision which occurred on March 3, 1984. She was driving westbound on Pernod and entered the intersection when her vehicle was struck on the left side by a vehicle operated by defendant Larry Wentzel northbound on Watson Road. She charged negligence of Wentzel for failure to keep a lookout, failure to warn, racing on a public street, failure to yield the right of way, violating a traffic signal, violating a posted speed limit and driving under the influence of alcohol. She offered a verdict directing instruction to submit careful lookout, excessive speed and driving "knowing that he [Wentzel] was intoxicated to the extent that his driving ability was impaired." The trial court refused the instruction and submitted only excessive speed. The court also submitted the issue of plaintiff's negligence for failure to keep a careful lookout. The jury found plaintiff, Agnes Bilzing, sustained personal injury damages of $29,000 and property damage of $1,000. It assessed her 80% at fault. It also found for defendant on the claim made by her spouse Arthur Bilzing, for his wife's injuries. Plaintiffs appeal judgment for $6,000 in favor of Agnes Bilzing only.

Plaintiffs' two claims of error relate to the verdict directing instruction of Agnes Bilzing. Neither the motion for new trial nor the brief filed in this court preserve any claim of error on behalf of Arthur Bilzing. His appeal is denied. Rule 78.07.

■ A preliminary issue involves appealability of the judgment for $6,000 in favor of Agnes Bilzing. Defendant has filed a motion to dismiss on the ground that Agnes is not an aggrieved party as required by § 512.020 RSMo 1978. This is apparently an open question of law which follows the adoption of comparative fault as applied to negligence claims. Plaintiff, Agnes Bilzing, sought actual and punitive damages totaling $600,000. She proved $11,774 in resulting medical bills for treatment of the fracture of her right femur and knee, two fractured ribs and a fractured collar bone, severe injuries to her right arm and hand and related injuries. Treatment included open reduction surgery of the right leg and knee and subsequent bone grafting. The jury found property damage of $1,000, as prayed, and $29,000 for personal injuries. The judgment was for 20% of the damages found. Agnes Bilzing did not recover either the amount claimed or assessed by the jury as the total amount of damages. We find she is an aggrieved party and entitled to an appeal.

*See, Boland v. Dehn,* 348 S.W.2d 603, 604 (Mo.App.1961). In the context of comparing fault, the jury function is to compare all pleaded and proven fault, if found, of both or all parties. This cannot occur where submissible acts of negligence are not included in requested instructions. Defendant's motion to dismiss the appeal of Agnes Bilzing is denied.

Plaintiff appeals claiming the trial court erred in refusing to instruct the jury (1) on the issue of defendant's failure to keep a careful lookout and (2) that defendant drove his automobile knowing that he was intoxicated to the extent his driving ability was impaired (M.A.I. 17.02).[1] Plaintiff asserts that there was evidence sufficient to support both refused instructions.

Where a party claims error in a trial court's refusal of an instruction the reviewing court must consider the evidence in the light most favorable to the party offering such instruction, and giving that party the benefit of any favorable inferences that may be drawn therefrom and disregarding the other party's evidence in conflict therewith. *Worley v. Tucker Nevils, Inc.,* 503 S.W.2d 417, 421 (Mo. banc 1973); *Gottlieb v. Szajnfeld,* 550 S.W.2d 936, 937 (Mo.App. 1977). The party claiming the error of a refused instruction may take advantage of and rely upon testimony or facts elicited from his opponent's side of the case, so long as such testimony or facts does not contradict the appellant's evidence and is not clearly at war with his theory of the case. *Gottlieb,* 550 S.W.2d at 937.

■ Under these principles, we find plaintiff was entitled to submit the issue of failure to keep a careful lookout. A motorist entering an intersection always has a duty to maintain a careful lookout ahead and laterally. *Holtmeyer v. Scherer,* 546 S.W.2d 29, 32 (Mo.App.1976). A driver has no "legal right of way" and no right to assume another driver will yield the right of way. *Downing v. Dixon,* 313 S.W.2d 644, 651 (Mo.1958). Even a driver with a green light is not relieved of a duty to maintain a careful lookout. *Gerdel v. Broccard,* 428 S.W.2d 492, 495 (Mo.1968). Rather, a driver must keep a careful lookout to determine if there is any "cross traffic in or near to the intersection to constitute an immediate danger." *Joggerst v. O'Toole,* 513 S.W.2d 722, 724 (Mo.App. 1974).

■ In the present case the intersection was controlled by traffic signals. Plaintiff proceeded subject to a flashing red light and defendant a flashing yellow light. The owner of the vehicle operated by defendant Wentzel was a passenger at the time of the collision and testified he first saw plaintiff's car from a distance of "about 400 feet, approximately." He further testified they were traveling approximately 30 miles an hour as they approached the intersection.

Defendant testified they were traveling 40 miles an hour at a point 50 feet south of the yellow flashing light with his foot on the accelerator. At that point he saw headlights, but did not see plaintiff's car. He also testified he first saw the beams of light when "[a]bout 100 feet, maybe 150 feet before we got to the intersection." Defendant did not reduce his speed from the time he first saw the lights of plaintiff's vehicle until he reached a distance 50 feet from the yellow light located at the intersection. The first time defendant took his foot off the accelerator to decrease speed was after he entered the intersection. His foot was still on the accelerator when the collision occurred and the impact took place in the middle of the intersection.

The testimony of the owner of the vehicle and the estimates of speed constitute

1. Plaintiff's refused Instruction reads as follows:
   Your verdict must be for plaintiff Agnes Bilzing and you must assess a percentage of fault to defendant if you believe:
   First, either:
   defendant failed to keep a careful lookout, or defendant drove at an excessive speed, or defendant drove his automobile knowing that he was intoxicated to the extent that his driving ability was impaired, and
   Second, defendant, in any one or more of the respects submitted in paragraph First, was thereby negligent, and
   Third, as a direct result of such negligence, plaintiff Agnes Bilzing sustained damage.
   M.A.I. 17.02 [1980 Revision]

evidence to support the submission of failure of defendant to keep a careful lookout. He could have seen plaintiff's vehicle from a distance of approximately 400 feet which allowed sufficient time to take effective action to avoid the collision. The legal requirements for submission of failure to keep a careful lookout are noted in *Burrage v. McGee*, 644 S.W.2d 374, 376 (Mo. App.1982). They are: substantial evidence that if the defendant had kept a careful lookout he could have seen plaintiff's vehicle in time to have avoided the collision, given defendant had the means and ability to avoid the collision, as well as sufficient time and distance to take effective action for that purpose. *Burrage*, relied on *Heberer v. Duncan*, 449 S.W.2d 561, 563 (Mo. banc 1970). The court erred in failing to submit careful lookout as requested.

We also conclude plaintiff was entitled to submit the issue of knowing intoxication to the extent that defendant Wentzel's driving ability was impaired. Defendant acknowledges that there was evidence of intoxication. In addition to this admission before this court, one witness testified, without objection, that defendant seemed intoxicated. He saw defendant staggering and noted slurred speech. He smelled alcohol on defendant's breath. The witness had worked in a restaurant for two years and knew about the effects of alcohol on people who drink. This evidence coupled with the eye-witness testimony of erratic driving supported an inference of impairment. The elements of erratic driving include speed, failure to reduce speed under the circumstances, racing on a city street and failure to see what the passenger saw.

Defendant contends the court did not err in refusing to instruct on intoxication because the evidence failed to support elements of knowledge of intoxication and impairment of driving ability. We review a case where the issue is not merely whether defendant was drinking, but where there was evidence that the defendant was intoxicated and intoxication is not disputed except by the testimony of defendant who denied intoxication. It has been held that evidence of drinking and evidence of erratic driving infer impairment of physical condition. *Doisy v. Edwards*, 398 S.W.2d 846, 849–850 (Mo.1966). The jury could infer from the erratic driving and the condition of intoxication that defendant, Wentzel, knew he was intoxicated even though he denied the condition. There is no issue that he was operating the vehicle. Both knowledge and impairment were inferable from the evidence. Under the principles of review above recognized, this evidence was sufficient to warrant a jury instruction on defendant's intoxication while driving.

There remains the question of what issues are to be retried. Plaintiff has not appealed the determination of extent of damages. The issues presented in the motion for new trial and on appeal do not question the assessment of damages. Plaintiff has not appealed a finding of the jury that she was negligent for failure to keep a careful lookout and that this failure contributed to her damages. Defendant has not appealed either the amount of the award of damages or the finding that he drove at an excessive speed which was causal to plaintiff's damages. On retrial, the jury should decide only whether any other acts of negligence of the defendant were proven. If they so find, they will consider their findings together with plaintiff's failure of lookout and defendant's excessive speed, and thereafter assess a percentage of fault to plaintiff and defendant.

The appeal of plaintiff Arthur Bilzing is dismissed. We reverse and remand for a retrial on plaintiff's allegations of negligence of defendant Wentzel which remain in dispute and assessment of fault between plaintiff Agnes Bilzing and defendant Larry Wentzel. Costs of this appeal are to be assessed one-half against appellants and one-half against respondent.

PUDLOWSKI, P.J., and CRANDALL, J., concur.