**VOLVO FINANCE NORTH AMERICA, INC., Plaintiff/Respondent,**

v.

**Abdul–Rahman RAJA and Ruth Erickson Raja, Defendants/Appellants.**

No. WD 40137.

Missouri Court of Appeals, Western District.

Aug. 23, 1988.

J. Michael Murphy, Liberty, for defendants/appellants.

Kirk T. May, Kansas City, for plaintiff/respondent.

Before CLARK, P.J., and
LOWENSTEIN and FENNER, JJ.

FENNER, Judge.

Appellants, Abdul–Rahman Raja and his wife, Ruth Erickson Raja, appeal from a decision of the trial court setting aside a default judgment entered in their favor against Respondent Volvo Finance North America, Inc., (hereinafter Volvo).

On April 28, 1987, the Rajas obtained a default judgment against Volvo in the sum of $25,000.00 actual damages and $75,000.00 punitive damages. On July 31, 1987, Volvo filed a petition against the Rajas seeking, inter alia, equitable relief to set aside the default judgment. The Rajas were served with a copy of Volvo's petition on August 11, 1987. On August 19, 1987, Volvo filed a notice of hearing on its Petition for Equitable Relief to set aside the default judgment. A copy of the notice was mailed to counsel for the Rajas notifying that Volvo's Petition for Equitable Relief would be heard on September 14, 1987, at 9:00 a.m., in the Circuit Court of Clay County, Division III. The Rajas filed their joint answer to Volvo's petition on September 9, 1987.

On September 14, 1987, counsel for Volvo and the Rajas appeared before the Circuit Court of Clay County. Robert Mercer, Volvo's general counsel, also appeared as corporate representative on behalf of Volvo. Volvo's Petition for Equitable Relief setting aside the default judgment was taken up by the court. After allowing for briefs by the parties on November 30, 1987, Judge Pratt, the trial judge herein, found that Volvo was entitled to the equitable relief requested and ordered the Rajas default judgment against Volvo set aside.

On appeal the Rajas argue that the trial court erred in granting Volvo's Petition for Equitable Relief because there was no trial on the issues and because there was no proof, as required in *Sprung v. Negwer Materials, Inc.*, 727 S.W.2d 883 (Mo. banc 1987), to support the judgment to set aside and vacate the default judgment.

■ Setting aside a default judgment is a matter left to the discretion of the trial court and the trial court's ruling is to be interfered with by the appellate court only for abuse of discretion with the discretion not to set aside being a good deal narrower than the discretion to set aside. *First Missouri Bank v. Patterson*, 696 S.W.2d 800, 801 (Mo.App.1985). The appellate courts are more likely to interfere when the trial court has denied a request to set aside a default judgment than when it has granted such a request. *Rattner v. Nations*, 737 S.W.2d 490, 494 (Mo.App.1987).

The independent suit in equity brought by respondent is a recognized method of setting aside a default judgment more than 30 days after the judgment has been entered. *Sprung, supra.*[1] To set aside a default judgment in an independent equitable action *Sprung, supra* at 889, requires that the defendant show a meritorious defense, good reason or excuse for the default and that no injustice will accrue to the plaintiff as a result of the delay occasioned by setting aside the judgment.

For purposes of the present appeal it is not necessary to discuss the merits of the Rajas' complaint. No record was made of the proceedings before the court on September 14, 1987, the date that Volvo's Petition for Equitable Relief was noticed for hearing and taken up by the court.

■ The responsibility to provide a meaningful transcript for review devolves upon appellant and the court of appeals cannot consider matters not preserved on the record and contained in an approved transcript. *Johnston v. Johnston*, 573 S.W.2d 406, 410, 411 (Mo.App.1978). If the Rajas were concerned that no evidence was presented or the evidence presented was not adequate and that they might desire an appeal, it was incumbent upon them to request that the record be preserved. Parties cannot acquiesce, by silence or otherwise, to an informal handling of a matter at trial without a record and then seek on appeal to have the appellate court determine the sufficiency of the evidence when nothing was preserved for review. If the Rajas desired a record of the proceedings on September 14, 1987, they should have requested the same from the court. If a request for a record is denied by the court, the party desiring the record should request that the judge note the request and denial in the record and if the judge wrongfully refuses to make such a notation in the record, the request should be noted with the court reporter or recording clerk as the case may be.

Without a record for review the argument of appellants Raja that there was no trial on the issues and no proof to support the judgment is not preserved for appeal and therefore fails.

■ The Rajas argue further that they were never given an opportunity to conduct discovery, to present evidence, to cross-examine or generally defend their default judgment. As set forth in *Sprung v. Negwer Materials, Inc., supra at 889,* when a default judgment is sought to be set aside the party in whose favor the default judgment was entered is entitled to defend his judgment vigorously. This includes the full panoply of procedures established by the Supreme Court Rules of Civil Procedure, including the opportunity to join the issues by filing an answer to defendant's motion, to conduct discovery and to present evidence on contested issues at a hearing.

---

1. The Missouri Supreme Court has repealed former Rules 74.01–74.78, which include the default judgment rules and adopted in lieu thereof Rules 74.01–74.14 which include new default judgment rules. The new rules became effective January 1, 1988. New Rule 74.05(c) provides that a default judgment may be set aside upon a motion made within a reasonable time not to exceed one year. The thirty day requirement of the old rules has been abolished. Under the old rules a new petition in equity provided the necessary jurisdiction for the trial court to proceed after the expiration of 30 days when the judgment was final.

There is nothing in the record to show that the Rajas were refused the opportunity to conduct discovery, to present evidence, to cross-examine or generally defend their default judgment. Volvo's petition to set aside the default judgment was served on the Rajas on August 11, 1987, and the Rajas were given notice on August 19, 1987, of a hearing date on said petition of September 14, 1987. The Rajas were provided notice of the hearing date 25 days prior. The Rajas had every opportunity to request a continuance of said hearing in the event that they desired to undertake discovery that could not be completed by the date of the hearing. The Rajas did not undertake to conduct any discovery and they did not request that the hearing be continued to afford them an opportunity for discovery. The Rajas cannot sit back, fail to exercise the opportunities afforded to them at trial and then complain on appeal when there is no record for review.

The judgment of the trial court setting aside the default judgment of Abdul–Rahman Raja and Ruth Erickson Raja against Volvo Finance North America, Inc., Case No. CV187–1639CC in the Circuit Court of Clay County is hereby affirmed.

All concur.