**Alton HARTSFIELD, d/b/a Al's Motors, Respondent,**

**v.**

**James Cecil BARKLEY and Ester Monteen Barkley, d/b/a Cecil Barkley Auto Sales, Appellants.**

**No. 18290.**

Missouri Court of Appeals, Southern District, Division Two.

June 9, 1993.

Motion for Rehearing and to Transfer Denied June 30, 1993.

Keith D. Sorrell, Spain, Merrell and Miller, Poplar Bluff, for appellants.

H. Mark Preyer, Crow, Reynolds, Preyer & Shetley, Kennett, for respondent.

MONTGOMERY, Presiding Judge.

This is an appeal from a jury tried case in the Circuit Court of Dunklin County, Missouri, where Plaintiff received a judgment for $10,800. Alton Hartsfield, d/b/a Al's Motors (Plaintiff), brought the action against James Cecil Barkley and Ester Monteen Barkley, d/b/a Cecil Barkley Auto Sales (Defendants), for damages resulting from an alleged fraud by Defendants in the purchase on credit of three automobiles from Plaintiff. Defendants appeal.

The central issue raised here is the collateral estoppel effect of a bankruptcy court judgment adverse to Plaintiff's claim that Defendants' $10,800 debt was nondischargeable due to their fraudulent acts. Defendants believe Plaintiff is collaterally estopped from prosecuting a claim in state court with the same issue of fraud previously adjudicated.

The facts germane to this issue are essentially undisputed. Plaintiff was in the business of buying and selling damaged cars, also called "salvage cars." Defendants were in the business of buying salvage cars and rebuilding them for resale.

In 1985, Defendants began buying salvage cars from Plaintiff. Defendants had established a floor plan arrangement with the Malden State Bank which was used to purchase the cars from Plaintiff. Between 1985 and early 1987, Defendants purchased twenty-two cars from Plaintiff and paid for all but three. These three cars were invoiced to Defendants for $10,800 in early 1987.

Beginning in 1986, the bank required Defendants to produce a title to the purchased car before funds would be disbursed under the floor plan arrangement. When funds were available, Defendants paid Plaintiff by check almost immediately. However, Plaintiff would allow Defendants to take possession of the salvage cars at the time of purchase along with the certificate of title.

Defendants' financial problems arose soon after the purchase of the eighteenth car. On the eighteenth and nineteenth cars Defendants did not pay Plaintiff until sometime after obtaining the floor plan proceeds. On the last three cars Defendants obtained the floor plan proceeds but failed to pay Plaintiff. Defendants used the proceeds for personal living expenses and to pay other debts. In July 1987, Defendants gave Plaintiff an insufficient funds check for the three cars in question, and the debt was never paid.

On October 8, 1987, Defendants filed for relief under Chapter 7 of Title 11 of the United States Bankruptcy Code. Plaintiff filed his complaint on January 11, 1988, objecting to the dischargeability of the $10,800 debt on the basis of fraud. After a hearing with both parties present the bankruptcy court entered an order on May 10, 1988, finding that Defendants "committed no false or fraudulent acts or misrepresentations sufficient to make the debt nondis-

chargeable under 11 U.S.C. § 523(a)(2)(A) and the debt in the amount of $10,800 is found to be dischargeable."

Plaintiff appealed the order to the United States District Court of the Eastern District of Missouri where Judge Limbaugh determined the bankruptcy court's decision was incomplete. The Court said: "[B]efore this Court can rule on this appeal, it must remand this action to the Bankruptcy Court for further findings and conclusions as to whether there existed any false pretenses on the part of [Defendants] in their transactions with [Plaintiff]." The case was remanded to bankruptcy court on March 15, 1990, for further findings and conclusions.

On remand, the bankruptcy court entered an order on February 5, 1991, reciting, in pertinent part:

> Having reviewed the transcript of the hearing held before this Court on May 3, 1989,[1] this Court finds no evidence that the defendants obtained the three automobiles in question through false pretenses. Accordingly, the Court returns this case to the United States District Court for the Eastern District of Missouri and recommends that it enter an order stating that the plaintiff's objection to discharge is DENIED.

The record here contains no further proceedings in the United States District Court. However, both parties here treat the February 5, 1991, order as the final disposition of Plaintiff's proceeding in bankruptcy court. So will we.

During the bankruptcy proceedings Plaintiff moved for and received permission from the bankruptcy court to proceed on his $10,800 claim against Defendants in Dunklin County Circuit Court. However, Plaintiff was "restrained and enjoined from enforcing against these [Defendants], their property or the estate, any judgment that may be obtained in the aforementioned Cause."[2]

Defendant's answer raised the affirmative defense of collateral estoppel. At the close of all the evidence, Defendants moved for a directed verdict on the ground that "Plaintiff's cause herein is barred by the doctrine of collateral estoppel" resulting from the bankruptcy court's judgment that the acts of Defendants did not constitute fraud, fraudulent acts, misrepresentations, and/or the use of false pretenses. This motion was denied and Defendants have preserved the question for our review.

■ Our review for denial of a directed verdict is a question of law, examined by viewing the evidence in the light most favorable to the non-moving party in order to determine whether a submissible case has been made. *Ridley v. Newsome,* 754 S.W.2d 912, 914 (Mo.App.1988).

■ Collateral estoppel is one aspect of res judicata and precludes the same parties from relitigating issues previously adjudicated. *Peoples–Home Life Ins. Co. v. Haake,* 604 S.W.2d 1, 7 (Mo.App.1980). The policies behind res judicata are relieving the parties of the cost and vexation of multiple lawsuits, conserving judicial resources and encouraging reliance on adjudications. *Doherty v. McMillen,* 805 S.W.2d 361, 362 (Mo.App.1991). These policies apply with equal vigor to collateral estoppel.

---

**1.** This date appears to be incorrect since the hearing on Plaintiff's objection to discharge occurred on May 3, 1988.

**2.** An alert reader would question why Plaintiff would seek to obtain an unenforceable judgment against Defendants in state court. Plaintiff answers that question with the following quote from his brief: "[T]he purpose of this litigation is for the [Plaintiff] to collect upon a motor vehicle dealer's bond issued by State Surety Company, which provided that it would indemnify any person who suffers a loss through the dealing or transacting business with Cecil Barkley, d/b/a Cecil Barkley Auto Sales so long as such dealings or transactions constitute ground for suspension or revocation of the principal's (Cecil Barkley) motor vehicle dealer's license for the State of Missouri, *and* after a final Judgment has been rendered against Cecil Barkley, d/b/a Cecil Barkley Auto Sales in a Court of competent jurisdiction. This is all in accordance with Section 301.562.2(5) [RSMo Supp.1992]." Although we do not question the existence of the dealer's bond, it is not part of the record here. Plaintiff's counsel conceded in oral argument our decision cannot be based on his theory that the only purpose of the state court action was collection of the bond.

In reviewing whether the application of collateral estoppel is appropriate, we must consider:

(1) whether the issue decided in the prior adjudication was identical with the issue presented in the present action; (2) whether the prior adjudication resulted in a judgment on the merits; and (3) whether the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior adjudication; (4) whether the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior suit.

*Miller v. Hubbert,* 804 S.W.2d 819, 820 (Mo.App.1991).

■ Defendants say these four elements are clearly present while Plaintiff seeks to uphold the trial court's determination arguing collateral estoppel does not apply because elements (1) and (4) are unsatisfied.

As to element (1), the proceedings in bankruptcy court were based on § 523(a)(2)(A) of the Bankruptcy Code which provides:

(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

. . . .

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained, by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

To succeed under this section Plaintiff was required to prove the following elements:

(1) that the debtor made false representations;

(2) that at the time made, the debtor knew them to be false;

(3) that the representations were made with the intention and purpose of deceiving the creditor;

(4) that the creditor reasonably relied on the representations; and,

(5) that the creditor sustained the alleged injury as a proximate result of the representations having been made. .

*Matter of Van Horne,* 823 F.2d 1285, 1287 (8th Cir.1987).

According to Plaintiff he proceeded in state court on the basis of common law fraud.[3] Summarized, Plaintiff's first amended petition alleged Defendants obtained motor vehicles, along with their certificates of title, from Plaintiff using fraud, deception, misrepresentation and deceit; that Defendants made deceptive statements (factually enumerated in the petition) to obtain the certificates of title; that Plaintiff reasonably relied on Defendants' false statements; that Defendants knew their statements were false or did not know if they were true or false;[4] that the false statements were material since Plaintiff would not have relinquished possession of the motor vehicles or titles but for the statements; that Plaintiff was damaged by the deceptive statements.

■ The elements of a cause of action for common law fraud are: false material representation; defendant's knowledge of its falsity or ignorance of its truth; defendant's intent that it be acted upon by plaintiff in a manner reasonably contemplated;

---

**3.** Plaintiff says his state court claim was also based on § 301.562.2(5) which provides that a dealer's license can be revoked or suspended for "[o]btaining or attempting to obtain any money, commission, fee, barter, exchange or other compensation by fraud, deception or misrepresentation." While Plaintiff's first amended petition pleads this statute was violated, he does not directly argue the statute provides him a private remedy for fraud. The statute contains no language establishing a private remedy for its violation. The statute is but a part of a statutory scheme to regulate, in part, car dealers such as Defendants. A private remedy will not be implied when it does not promote or accomplish

the primary goals of the statute. *Shqeir v. Equifax, Inc.,* 636 S.W.2d 944, 948 (Mo. banc 1982). Providing Plaintiff a private remedy does not promote or accomplish the primary goals of this statute. We view his claim in state court as based only on common law fraud.

**4.** Plaintiff's verdict directing instruction, patterned after MAI 23.05 (1981), submitted that Defendants knew their statements were false at the time made. Therefore, this was the same element which was required to be determined in the bankruptcy court.

plaintiff's ignorance of falsity of the statement; plaintiff's rightful reliance on its truth and right to rely thereon; and proximate injury. *Norden v. Friedman*, 756 S.W.2d 158, 164 (Mo. banc 1988).

A petition will be found sufficient after verdict if after allowing all reasonable inferences and matters necessarily implied, there are sufficient facts to advise defendants, with reasonable certainty, as to the cause of action they are called upon to meet and bar another action for the same subject matter. *Browning v. Salem Memorial Dist. Hosp.*, 808 S.W.2d 943, 946 (Mo.App.1991). Under this test we believe Plaintiff's petition would pass muster to state a cause of action for common law fraud.

Plaintiff sought but failed to prove the necessary elements in bankruptcy court to succeed under 11 U.S.C. § 523(a)(2)(A). *Matter of Van Horne*, 823 F.2d at 1287. Those elements are identical to the elements of common law fraud in Missouri, *Norden*, 756 S.W.2d at 164, and to those pleaded by Plaintiff in state court. We believe the issue of fraud was the same in both courts as contended by Defendants.

However, Plaintiff makes a forceful argument that relitigation of the fraud issue is not precluded because the burden of proof was greater in bankruptcy court than in state court. He points to the Restatement, Second, Judgments § 28, which provides, in part:

> Exceptions to the General Rule of Issue Preclusion
>
> Although an issue is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, relitigation of the issue in a subsequent action between the parties is not precluded in the following circumstances:
>
> . . . .
>
> (4) The party against whom preclusion is sought had a significantly heavier burden of persuasion with respect to the issue in the initial action than in the subsequent action; the burden has shifted to his adversary; or the adversary has a significantly heavier burden than he had in the first action.

Until *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991), decided January 15, 1991, the Eighth Circuit required the creditor in a § 523(a)(2)(A) proceeding to "prove each element of their claim by clear and convincing evidence." [5] *Matter of Van Horne*, 823 F.2d at 1287. Judge Limbaugh referred to this burden of proof in his order of March 15, 1990, remanding the case to the bankruptcy court.

After remand, *Grogan* was decided and held that the "standard of proof for the dischargeability exceptions in 11 U.S.C. § 523(a) is the ordinary preponderance-of-the-evidence standard." *Grogan*, 498 U.S. at 291, 111 S.Ct. at 661. Thus, at the time the bankruptcy court entered its final order (February 5, 1991) the "clear and convincing standard" was no longer the law. The final order does not cite *Matter of Van Horne* as enunciating the proper burden of proof nor does it refer to *Grogan*. In this posture, we cannot conclude the bankruptcy court held Plaintiff to the "clear and convincing standard" and ignored the proper burden of proof earlier pronounced by *Grogan*. [6]

---

5. Interestingly, the *Grogan* case arose in the United States Bankruptcy Court for the Western District of Missouri where the debtor filed a petition for relief under Chapter 11 of the Bankruptcy Code, listing a fraud judgment in creditor's favor as a dischargeable debt. Creditors filed a complaint in the proceeding alleging their debt was not dischargeable under 11 U.S.C. § 523(a) because obtained by fraud. The bankruptcy court found the elements of fraud were established and that the doctrine of collateral estoppel required a holding that the debt was not dischargeable. Both the bankruptcy court and the district court rejected debtor's

argument that collateral estoppel does not apply since the state court jury instruction required proof of fraud by a preponderance of the evidence while the burden of proof in the bankruptcy proceeding was by clear and convincing evidence. The Court of Appeals in 881 F.2d 579 (8th Cir.1989) reversed, concluding that fraud in a dischargeability proceeding must be established by clear and convincing evidence.

6. Obviously, Plaintiff tried his claim in bankruptcy court facing a burden of proof that required the higher standard of clear and convincing evidence. We can assume Plaintiff endeav-

■ In Missouri, the burden of proof in a fraud case tried to a jury is no greater than in any other case tried to a jury, and the proper burden of proof instruction is MAI 3.01.[7] *Crawford v. Smith,* 470 S.W.2d 529, 531–32 (Mo. banc 1971) (rejecting notion that fraud must be proved by clear, cogent, and convincing evidence). Plaintiff does not assert his burden of proof under MAI 3.01 is less than the preponderance-of-the-evidence standard announced in *Grogan.* Therefore, we reject Plaintiff's claim that the two issues were decided under different standards of proof, thereby excluding the application of collateral estoppel to the instant case.

Plaintiff further relies on Restatement, Second, Judgments § 28(3), which provides:

A new determination of the issue is warranted by differences in the quality or extensiveness of the procedures followed in the two courts or by factors relating to the allocation of jurisdiction between them.

As we understand Plaintiff's argument, he was faced with a presumption in bankruptcy court favoring dischargeability of Defendants' debt but faced no similar adverse presumption in state court. As a result, Plaintiff believes such difference in the quality and extensiveness of the proceedings in the two courts bring subsection (3) into play. We have carefully read the comment to that subsection and find no support for this argument.

■ Finally, as to element (4) of collateral estoppel, Plaintiff claims he had no opportunity to fully and fairly litigate the fraud issue in bankruptcy court. He again argues the applicability of Restatement, Second, Judgments § 28(3) and (4) to the adverse presumption in bankruptcy court and the differing standards of proof. We have previously determined those sections do not support Plaintiff's position regarding element (1), and likewise, those sections do not support Plaintiff regarding element (4).

We hold that the bankruptcy court judgment on the fraud issue collaterally estopped Plaintiff from proceeding on the same issue in Dunklin County Circuit Court.

The judgment is reversed.

GARRISON, J., concurs.

PREWITT, J., dissents and files dissenting opinion.

PREWITT, Judge, dissenting.

I respectfully dissent. I interpret the record as indicating, but certainly not clearly, that the district court, and apparently the bankruptcy judge, held plaintiff to "a clear and convincing" standard in deciding the objection to defendants' discharge. If so, then the heavier burden would not cause plaintiff's present claim to be foreclosed.

---

ored to meet that burden. When the bankruptcy court reviewed the transcript after remand, Plaintiff failed to meet the lesser burden of proof then required by *Grogan* even though the record was created under the higher standard of proof.

7. MAI 3.01 recites, in part, "The burden of causing you to believe a proposition of fact is upon the party who relies upon that proposition."