Bogdan STRYCHARZ and Krystyna Dudkowski, Plaintiffs–Appellants,

v.

**Joseph D. BARLOW, and Defendant Ad Litem for Joseph Dudkowski, Defendants–Respondents.**

No. 66352.

Missouri Court of Appeals, Eastern District, Division Three.

June 27, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 27, 1995.

Application to Transfer Denied Sept. 19, 1995.

420

Ray A. Gerritzen, St. Louis, for appellants.

Raymond H. Dickhaner, Hillsboro, for respondent Barlow.

Randall D. Sherman, Hillsboro, for respondent Dudkowski.

DOWD, Judge.

This is an appeal after two verdicts in combined personal injury and wrongful death suits following an automobile accident. We affirm.

The accident occurred on Highway 141, a road without street lights, during the dark evening hours. Defendant Joseph Barlow was traveling south on the highway approximately 55 miles per hour in the inside "fast lane." Joseph Dudkowski was driving a car with a relative visiting from Poland, Plaintiff Bogdan Strycharz, as a passenger. Joseph Dudkowski drove his car from a stop sign on a side street into the highway in an attempt to cross the southbound lanes and turn left onto the northbound lanes. At this time, Defendant Barlow and his wife, who was a passenger, testified a third car was traveling south alongside their car in the right lane. This third car was turning right onto the street from which the Dudkowski automobile had come and obstructed Defendant Barlow's view so that he could not see the Dudkowski automobile as quickly as he may otherwise have. Joseph Dudkowski pulled his car into the path of Defendant Barlow. Defendant Barlow struck the car, killing Joseph Dudkowski. Plaintiff Strycharz suffered a torn medial cartilage of his right knee and a laceration at the top of his head for which he received eleven staples.

Plaintiff Krystyna Dudkowski (Joseph Dudkowski's wife) brought a wrongful death suit against Defendant Barlow and the Defendant Ad Litem for her deceased husband. The trial court sustained the Defendant Ad Litem's motion to dismiss for failure to state a cause of action as to the claim against her deceased husband. Plaintiff Strycharz brought a personal injury suit against both Defendant Barlow and the Defendant Ad Litem for Joseph Dudkowski. Both Plaintiffs' suits were consolidated and tried to-

gether. The jury found for Defendant Barlow in Plaintiff Dudkowski's suit apportioning fault at 100 percent to the deceased, Joseph Dudkowski. Regarding Plaintiff Strycharz' claims against Defendant Barlow and Defendant Ad Litem for Joseph Dudkowski, the jury again found Joseph Dudkowski 100 percent at fault and awarded $17,000 against Dudkowski only. Plaintiff Strycharz appeals challenging the adequacy of the $17,000 verdict in his favor. Plaintiff Dudkowski appeals the verdict in favor of Defendant Barlow and the trial court's action in dismissing her wrongful death claim against her deceased husband through the Defendant Ad Litem.

In their first point on appeal, Plaintiffs argue the trial court erred when it excluded evidence of Defendant Barlow's drinking two beers at home prior to the accident. Defendant Barlow consumed two beers within several hours of his family's departure for dinner. Plaintiffs argued the drinking contributed to Defendant Barlow's inability to see their car until it was too late to avoid the accident. The trial court ruled this evidence inadmissible because there was no showing of erratic driving on Defendant Barlow's part. Furthermore, Defendant Barlow did not exhibit any physical signs of intoxication.

■ We give substantial deference to a trial court's ruling regarding the admissibility of evidence and will not overturn such a decision unless the court abused its discretion. *Brown v. Hamid*, 856 S.W.2d 51, 56 (Mo. banc 1993). We presume discretionary rulings of a trial court are correct. *Anglim v. Missouri Pacific R.R. Co.*, 832 S.W.2d 298, 303 (Mo. banc 1992), *cert. denied*, — U.S. ——, 113 S.Ct. 831, 121 L.Ed.2d 701. However, a trial court abuses its discretion when a ruling shocks one's sense of justice, indicates a lack of consideration, and is clearly against the logic of the circumstances. *Richardson v. State Hwy. & Transp. Comm'n*, 863 S.W.2d 876, 881 (Mo. banc 1993).

■ Evidence of drinking or intoxication is relevant and should be admitted when evidence exists showing erratic driving or where there is "other evidence" which tends to establish "defendant had an impaired physical condition at the time of the acci-

dent." *Krenski v. Aubuchon*, 841 S.W.2d 721, 727 (Mo.App.E.D.1992). Plaintiffs argue sufficient "other evidence" was presented to the trial court from which it should have admitted the evidence of drinking. We disagree, and the four cases cited by Plaintiffs do not convince us otherwise.

Plaintiffs first cite the case of *Stojkovic v. Weller*, 802 S.W.2d 152 (Mo. banc 1991), which they incorrectly claim is "exactly like the case at bar." In this case, the defendant's driving was found to be "erratic or worse." *Id.* at 154. He ran a red light while driving 50 to 55 miles per hour, hit plaintiffs' car in the intersection, left the scene, continued driving at a high rate of speed weaving in and out of traffic, and eventually hit another car. *Id.* Witnesses observed a very strong smell of alcohol, watery red eyes, slurred speech, dramatic mood swings, and difficulty in walking. *Id.* One witness stated defendant was "clearly drunk." *Id.*

The case of *Krenski v. Aubuchon*, 841 S.W.2d 721 (Mo.App.E.D.1992) is also readily distinguishable. This defendant was speeding by 20 to 25 miles per hour, crossed completely into the opposite oncoming lane of traffic, swerved back into his own lane, then crossed into the parking lane to his right, striking the plaintiff's parked car.

The third case cited by Plaintiffs is also distinguishable. In *Parry v. Staddon*, 769 S.W.2d 811 (Mo.App.1989), a wife sued for the wrongful death of her husband. Here, a truck was driving slowly in the right-hand lane of a highway with its emergency flashers on. *Id.* at 813. The flashers were visible for one-quarter of a mile. *Id.* Other cars went around the truck without difficulty. *Id.* The deceased, however, continued driving 55 miles per hour and did not attempt to change lanes, slow down or apply his brakes until only an "instant" before he drove into the back of the truck, killing himself. *Id.* The court found defendant's "failure to brake or swerve, otherwise unexplained" satisfactorily constituted other evidence from which it could be inferred the defendant suffered an impaired physical condition. *Id.* at 813–814.

Finally, Plaintiffs cite the case of *Bilzing v. Wentzel*, 726 S.W.2d 787 (Mo.App.1987). In

this case, the defendant's vehicle struck the plaintiff's vehicle as she was attempting to cross the street on which he was traveling. *Id.* at 789. At the intersection where the collision occurred, the defendant was subject to a flashing yellow light and the plaintiff a flashing red light. *Id.* Plaintiff's vehicle was visible for at least 400 feet, yet defendant kept his foot on the accelerator until impact. *Id.* at 789. The defendant admitted before the court there was evidence of intoxication. *Id.* at 790. A witness testified the defendant staggered, slurred his speech, and seemed intoxicated. *Id.* This same witness also smelled alcohol on defendant's breath. *Id.*

■ In the case at hand, no evidence of any physical signs or symptoms of intoxication was before the court, or apparently existed at all. Plaintiffs claim Defendant Barlow's failure to swerve his vehicle constituted evidence of an impaired physical condition. However, his vehicle was not equipped with anti-lock brakes; therefore, he could not steer once the front wheels locked and skid marks began to appear on the roadway. Plaintiffs argue Joseph Dudkowski's vehicle was visible for 900 feet; therefore, Defendant Barlow's failure to see it sooner constitutes evidence of physical impairment. Plaintiffs completely fail to acknowledge evidence that a car was in the lane to the right of Defendant Barlow obstructing his view. The jury apparently found this evidence credible. The weight to be given evidence and resolution of conflicts in testimony are matters properly decided by the jury. *Miller v. Gillespie*, 853 S.W.2d 342, 344 (Mo.App. E.D.1993). Furthermore, Plaintiffs cite us to two places within the transcript (115, 237) for the proposition the car could be seen for 900 feet. However, the transcript references merely state the intersection is visible for 900 feet. Neither section contains any assertion the Dudkowski vehicle was at the stop sign when Defendant Barlow's vehicle was 900 feet away. Once Defendant Barlow did see the Dudkowski vehicle crossing the highway in front of him, he immediately applied his brakes, skidding into it. We find the trial court did not abuse its discretion in excluding evidence of drinking.

■ Also within point one, Plaintiffs challenge the trial court's ruling in which it held the testimony of a state trooper and his accident report inadmissible. Plaintiffs claim the trooper would have testified he smelled alcohol on Defendant Barlow's breath, and that he checked a box on the accident report indicating this may have contributed to the accident. Defendant Barlow's attorney disputed this assertion. The report itself was never provided to the trial court, nor to this court, to verify the disputed check mark and comments. Further, Plaintiffs failed to bring in the trooper for questioning when making the offer of proof but merely told the court what the trooper was expected to testify.

■ Offers of proof "must be specific, and must be definite.... In order to present and preserve an offer of proof the questions must be propounded to a witness who is present and who has taken the stand." *Monteer v. Prospectors Lounge, Inc.*, 821 S.W.2d 898, 901 (Mo.App.1992) (quoting *Karashin v. Haggard Hauling & Rigging, Inc.*, 653 S.W.2d 203, 205 (Mo. banc 1983)). Some Missouri courts allow narrative offers of proof; however, when doing so, counsel runs a much greater risk of presenting an insufficient conclusory statement. *State v. Townsend*, 737 S.W.2d 191, 192 (Mo. banc 1987). We assume offers of proof have been stated by counsel as completely and as favorably as possible. *Id.* Furthermore, since the written accident report was not before the trial court, was not copied into the trial record, and was not made part of the record on appeal, we will not pass judgment on its admissibility. *See Williamson v. Epperson*, 529 S.W.2d 25, 29 (Mo.App.1975).

Regardless of the effectiveness of Plaintiffs' offer of proof, the trial court did not abuse its discretion in excluding alleged evidence Defendant Barlow's breath smelled of alcohol since no other credible evidence existed by which Plaintiffs could show intoxication or impaired condition. *Doisy v. Edwards*, 398 S.W.2d 846, 849–50 (Mo.1966). As in *Doisy*, there was no evidence Defendant Barlow's drinking had anything to do with the collision. *Id.* The smell of alcohol on one's breath does not alone constitute "other evidence" of an impaired condition. *Id.*

Additionally, concerning the alleged check mark on the accident report indicating drinking contributed to the accident:

[I]n an automobile negligence case, an expert witness, whether an investigating police officer or another expert, may not state his opinion as to what actions of the parties, if any, contributed to the collision or as to who was at fault in causing the collision. *Stucker v. Chitwood,* 841 S.W.2d 816, 820 (Mo.App.S.D.1992) (quoting *Lollis v. Superior Sales Co.,* 224 Kan. 251, 580 P.2d 423, 431 (1978)).

We find the trial court did not abuse its discretion in excluding the alleged evidence of the state trooper's testimony and accident report.

■ Plaintiffs' second point on appeal alleges trial court error in its refusal to allow cross-examination of Defendant Barlow concerning the two beers he consumed at home approximately 90 minutes before the accident. Plaintiffs argue he opened up the issue during direct examination when he testified he relaxed, showered and shaved at home prior to leaving that night. We give great deference to trial court evidentiary rulings and will not overturn such decisions absent an abuse of discretion. *Brown,* 856 S.W.2d at 56. We will not reverse a judgment based upon the exclusion of evidence unless an appellant shows us the evidence would have materially affected the merits of his or her cause of action. *Lewis v. Wahl,* 842 S.W.2d 82, 84–85 (Mo. banc 1992); § 512.160.2; Rule 84.13(b).

■ We need not address whether Defendant Barlow opened any doors regarding evidence of drinking because we find Plaintiffs suffered no prejudice due to the exclusion of the evidence. The evidence was not probative. As previously discussed, Defendant Barlow exhibited absolutely no symptoms or signs of drinking in his driving ability. In fact, it was the Dudkowski vehicle which drove into the middle of a highway with oncoming traffic. Furthermore, Defendant Barlow exhibited no physical indications of drinking. The jury found Joseph Dud-

kowski to be 100 percent at fault, an allocation which is supported by the evidence. At most, the evidence of drinking could prejudicially and improperly inflame the jury's sentiments against Defendant Barlow. The evidence was not probative, and the trial court did not abuse its discretion in excluding the evidence.

■ Also within Point II, Plaintiffs argue the trial court erred when it stated to Defendant Barlow (regarding Plaintiffs' proffered evidence of drinking) prior to any objection by Defendant Barlow: "I assume you're going to object to that. Be sustained."[1] This issue had previously been discussed and decided when the trial court considered and sustained Defendant Barlow's Motion in Limine. The trial court was within its discretion in excluding evidence it had previously ruled inadmissible for reasons both sides already knew and understood. Point denied.

■ As their third point on appeal, Plaintiffs argue the trial court erred when it precluded follow-up questions to the one insurance question during voir dire and when it instructed the panel that it was not interested in whether members had policies of insurance with a particular company but whether they had a financial interest or stake in the company. During voir dire, plaintiffs have the right to ask a preliminary "insurance question," which usually revolves around whether panel members or their families have a financial interest in or are employed by the insurance company involved in the case. *Ivy v. Hawk,* 878 S.W.2d 442, 444–45 (Mo. banc 1994). The form of the question is within the trial court's discretion. *Id.* at 445. Allowing plaintiffs to ask the preliminary question about insurance provides them the opportunity to discover if panel members have an interest in the insurance company, but it does not emphasize the issue of insurance to the prejudice of the defendants. *Id.*

■ Plaintiffs in the current case were allowed to ask the preliminary question. They, however, charge error in the trial

---

**1.** Immediately thereafter Defendant stated, "Yeah, I'm going to object to an inquiry like that."

court's refusal to let them ask follow-up questions regarding policies of insurance. *Ivy* specifically states follow-up questions, including inquiry into policyholder status, are at the trial court's discretion. *Id.* at 446.

Plaintiffs claim they find support in the case of *Morris v. Duker*, 414 S.W.2d 77, 80–1 (Mo.1967), which dealt with questioning venire members regarding insurance policies. The court in *Ivy* discussed the *Morris* case and found it requires a party prove its inability to ask follow-up questions resulted in prejudice. *Ivy*, 878 S.W.2d at 446. Indeed, while the court in *Morris* did state it may be the "better practice" to allow such inquiry, to disallow it was not an abuse of discretion requiring reversal absent a showing of prejudice. *Morris*, 414 S.W.2d at 81.

In the case at hand, Plaintiffs have shown no prejudice resulted from the trial court's actions. They merely argue the "inherently prejudicial" ruling not allowing them to question venire members about insurance policies denied them a "fair and impartial jury." The fact that a panel member may hold a policy of insurance with the company involved in the case does not alone render that member ineligible to sit on the jury. *Id.* Point denied.

Plaintiffs' fourth point on appeal claims error when the trial court refused to direct a verdict in favor of Plaintiffs and against Defendant Barlow. Initially, we note this is an odd argument since Plaintiffs sued two parties and charged each with negligence. The apportionment of negligence, if any, would logically go to the jury unless Plaintiffs were arguing (and they were not) that Defendant Barlow was 100 percent at fault and Joseph Dudkowski was not at fault.

In our review, we view the evidence in the light most favorable to Defendant Barlow to determine whether Plaintiffs were entitled to a verdict directed in their favor. *Hartsfield v. Barkley*, 856 S.W.2d 342, 344 (Mo.App.S.D.1993). Our review is a question of law. *Id.* We find no trial court error in failing to direct a verdict in favor of Plaintiffs and against Defendant Barlow. Point denied.

In their fifth point, Plaintiffs claim the trial court erred in not allowing into evidence United States life expectancy tables to aid the jury in determining damages for Plaintiff Strycharz. Plaintiffs do not refer us to any place in the three transcripts where they presented evidence that Plaintiff Strycharz' knee injury would remain and would be debilitating for the balance of his life, thereby potentially making the tables relevant. It is not our duty to sift through voluminous records to find evidence which supports Plaintiffs' position. Rule 84.04(h); *Bergsieker v. Schnuck Markets, Inc.*, 849 S.W.2d 156, 166 (Mo.App.E.D.1993); *State v. Missouri Resource Recovery*, 825 S.W.2d 916, 936–37 (Mo.App.1992). When reviewing a trial court's evidentiary rulings, we give the court great deference and will overturn the ruling only if the court abused its discretion. *Brown v. Hamid*, 856 S.W.2d at 56. First we note that evidence of a pre-existing knee injury from which he experiences arthritis was presented to the jury. At most, Plaintiffs tell us their physician stated arthritis would progress "a little more rapidly" in his right knee, that he would experience "some discomfort" when the weather changes, and in 15 to 20 years he would experience "discomfort with squatting or activity." Permanent injury must be shown to warrant the admission of life expectancy tables. *Garrett v. Overland Garage & Parts, Inc.*, 882 S.W.2d 188, 192 (Mo.App.E.D.1994). The life expectancy tables have not been shown to be relevant based on the prognosis of his injury. Point denied.

Plaintiffs' sixth point argues the trial court erred when it overruled their objection to two pages of an expert's deposition because it was irrelevant and prejudicial. Plaintiffs do not refer us to any place in the three transcripts where this occurred. Plaintiffs only attach two physician depositions to the back of their brief. Documents, depositions, etc., which are only attached to a party's brief and not contained in the legal file, are not part of the record and will not be considered on appeal. *See, Snelling v. Chrysler Motors Corp.*, 859 S.W.2d 755, 756 (Mo.App.E.D.1993). Additionally, it appears the section about which Plaintiffs complain, Defendant Barlow's cross-examination of a

physician, was never even entered into evidence nor before the jury in any way. Point denied.

■ Plaintiffs' seventh point on appeal charges the trial court erred when it overruled their objection and failed to grant a mistrial concerning Defendant Barlow's closing argument the jury should not attach upon him the "responsibility" for the accident. This word, they argue, gave the false and prejudicial impression to the jury that Defendant Barlow would have to pay the judgment out of his own pocket because he had no liability insurance. Plaintiffs have provided us with no case law stating the word "responsibility" equates with no liability insurance, and we see no validity to this assertion. Point denied.

■ As their eighth point, Plaintiffs argue the trial court erred in failing to sustain their objection and grant a mistrial when Defendant Barlow "was allowed to argue that this (case) is not like coming into court collecting on an insurance policy." Plaintiffs failed to provide us with the pertinent portion of the transcript. It was Plaintiffs' responsibility to provide the transcript in which this alleged statement was made. *Volvo Finance North America, Inc. v. Raja,* 754 S.W.2d 955, 957 (Mo.App.1988). We do not review matters not in an approved transcript and before us. *Id.* Point denied.

Plaintiffs' ninth point on appeal argues the trial court erred when it overruled their objection and failed to grant a mistrial following part of Defendant Barlow's closing argument in which he stated it was the "duty" of Plaintiffs to "convince" the jury. First we note Plaintiffs again did not provide us with this portion of the transcript and we, therefore, deny this point. *Id.* As an interesting epilogue, apparently even if we were provided the transcript it would not state that which Plaintiffs claim, for they argue the court reporter erred omitting the word "duty" and inserting the phrase Plaintiff "is trying to convince you." Point denied.

In Plaintiffs' tenth point, they argue due to the cumulative trial court errors, a new trial should be granted. We have found no error nor cumulative errors. Point denied.

■ Plaintiffs' eleventh point on appeal argues the $17,000 verdict in favor of Plaintiff Strycharz and against Dudkowski is inadequate and based upon the jury's false belief Plaintiffs were required to "convince" the jury "of a case against both Defendants, in which Defendant Barlow had no liability insurance, and he would have to pay the judgment out of his own pocket." We assume Plaintiffs are arguing the trial court erred in overruling their Motion for a New Trial based partially on inadequacy of the verdict. Rule 84.04(d). Juries are given broad discretion in determining the appropriate amount of damages to award. *Bilderback v. Skil Corp.,* 856 S.W.2d 73, 76 (Mo. App.E.D.1993). A damage award which has the trial court's approval as shown by overruling a Motion for New Trial is conclusive on appeal. *Id.* We will reverse a damage award and verdict only if it is so shockingly and grossly inadequate to indicate it was based on passion and prejudice. *Id.* Where a Motion for New Trial based on an inadequate verdict is denied by the trial court, we review evidence supportive of its actions. *Voss v. Anderson,* 745 S.W.2d 189, 192 (Mo. App.1987). We have previously dealt with the rationale behind this point on appeal in Points VII, VIII and IX. Plaintiffs have shown no errors which would cause passion or prejudice such that would prompt the jury to award an inadequate verdict. Furthermore, evidence was presented which supported the damage award and verdict. Point denied.

■ Plaintiffs' final point on appeal argues the trial court erred in dismissing Plaintiff Dudkowski's wrongful death action against the Defendant Ad Litem for her deceased husband. A wife cannot sue under the wrongful death statute for the death of her husband caused by his own negligence. § 537.080, RSMo Cum.Supp.1995. Plaintiffs argue we should re-recognize a common law right to wrongful death suits. Missouri does not recognize common law wrongful death actions, *Sullivan v. Carlisle,* 851 S.W.2d 510, 515–16 (Mo. banc 1993), nor has Missouri common law ever recognized such actions. *Moreland v. Columbia Mut. Ins. Co.,* 842

S.W.2d 215, 220 (Mo.App.S.D.1992). Point denied.

Judgment affirmed.

CRANE, P.J., and CRANDALL, J., concur.