MAUDE SMITH, Appellant, v. STAR CAB COMPANY, Appellant, and JAMES TERRY.—19 S. W. (2d) 467.

Division One, July 30, 1929.

442

*Earl M. Pirkey* for appellant.

*W. E. Moser* and *Hensley, Allen & Marsalek* for respondent.

GANTT, J.—Action for damages in the sum of $15,000 for personal injuries. Plaintiff claims that while a passenger in a taxicab of the Star Cab Company she suffered injuries resulting directly

from a collision of the cab with a car of defendant Terry, at the intersection of Washington and Channing avenues, in the city of St. Louis. The petition contains a charge of general negligence against the Cab Company and charges of specific negligence against Terry. The answers were general denials. Judgment was against the cab company for $2,000 and in favor of defendant Terry. Plaintiff appealed from the judgment in favor of Terry.

The evidence for plaintiff tends to show Terry was driving his automobile at a negligent rate of speed, and that he negligently failed to stop or turn his machine to avoid the collision. Instructions were given on these issues.

The evidence for defendant Terry tends to show the cab company's car was being driven at a, negligent rate of speed.

Contributory negligence is not pleaded, there is no evidence of such negligence, and there is no claim by defendants that plaintiff was guilty of such negligence.

I.   The court instructed the jury as follows:

"The court instructs you that if you find and believe from the evidence that at the time and immediately prior to the collision mentioned in evidence the taxicab mentioned in evidence was being operated at a rate of speed which was excessive and that said excessive and dangerous speed, if any, of said taxicab was the sole cause of said collision, then your verdict must be in favor of defendant Terry."

Plaintiff challenges this instruction and cites Boland v. Railway Company, 284 S. W. l. c. 145. In that case the following instruction was given:

"If you find and believe from all the evidence in the case that the collision between the passenger train and the automobile described in evidence was the result of the sole negligence of the driver of said automobile, then plaintiff is not entitled to recover against the defendant and your verdict must be for the defendant."

We criticized that instruction and there said:

"Of course the defendant is not liable if its alleged negligence had nothing to do with bringing about plaintiff's injury. But the cryptic way in which this information was conveyed to the jury was calculated, not to enlighten, but to confuse."

That instruction  does not inform the jury as to what would be negligence. They were left to determine the question for themselves. Furthermore, the plaintiff, a guest in the automobile, was charged by the defendant with contributory negligence; and the instruction did not inform the jury that the driver's negligence could not be imputed to the plaintiff. [Peppers v. Railway Company, 295 S. W. l. c. 761.]

In the instant case there is no issue of contributory negligence, and the instruction under review required the jury to find a negligent act of the driver to be the sole cause of the collision. The contention is overruled.

II. The court also directed the jury as follows:

"The court instructs the jury that if you find and believe from the evidence that the defendant Terry was not guilty of any negligence contributing to the collision described in evidence, as such negligence, if any, is defined in other instructions, then your verdict must be in favor of defendant Terry."

Plaintiff challenges the use of the word "contributing," and cites Hof v. Transit Co., 213 Mo. 445, 111 S. W. 1166. In that case the plaintiff was charged with contributory negligence, there was only one defendant, and there was no evidence "which tended to show there was any contributing cause to defendant's negligence which caused the injury except plaintiff's own negligence." For these reasons the use of the word "contributed" in the instruction there under review was held to be error.

The instruction under review in the instant case directs the jury to other instructions in the case for a definition of negligence, and there was substantial evidence of the negligence of both defendants; therefore it was proper to direct the jury as to the concurring negligence of the defendants. In doing so it was not error to use the word ."contributing." [Krehmeyer v. Transit Co., 220 Mo. 639, l. c. 668-671-673, 120 S. W. 78; Bradley v. Becker, 11 S. W. (2d) l. c. 10.] So the Hof case does not sustain this contention of the plaintiff. However, the instruction as worded may confuse and mislead the jury and should not be given in this form.

III. On the *voir dire* examination of the jurors, counsel for plaintiff, in the presence of the court and out of the hearing of the jury, inquired of counsel for defendant Terry if the Indemnity Company of America was interested in the defense of the case as insurer of Terry against liability. Counsel declined to answer. Thereupon counsel for plaintiff insisted that he was entitled to inquire of the individual members of the jury as to their relations, if any, with indemnity insurance companies. The court refused to permit the inquiries. Of this plaintiff complains.

The rule is settled in this State that a plaintiff is entitle to qualify the jurors as to their relations, if any, with insurance companies interested in the result of the trial. This ruling is sustained by the overwhelming weight of authority, as evidenced by a review of the

cases in 56 American Law Reports, 1454 to 1499. The Missouri cases there reviewed sustain the rule. However, it was noted that Chambers v. Kennedy (Mo.), 274 S. W. 726, limited the right to examine the members of the panel in this respect. That case was, in effect, overruled on this question in Maurizi v. Western Coal & Mining Co., 11 S. W. (2d) 1. c. 274.

Plaintiff is not required to prove that an insurance company is interested before he is entitled to make the inquiries. His examination as to qualifications is presumed to be in good faith. If the privilege is abused, another question arises.

The fact that the Star Cab Co. carried no insurance is of no consequence. Plaintiff cannot be denied the right to qualify the members of the panel for this reason; and if a defendant without insurance is prejudiced thereby, he is without remedy. [Malone v. Small (Mo. App.), 291 S. W. 1. c. 164.]

Respondent argues that "the trial commenced on Wednesday, and it is probable that the court, during the earlier days of the week had become acquainted with the character of this panel. He may have heard the jurors questioned with reference to their possible connection with insurance companies, and knew that no such' connection existed." There is no evidence in the record of such knowledge; but, even so, such knowledge of the trial judge is no excuse for a denial of plaintiff's right to search the consciences of the members of the panel as to their qualifications to serve as jurors in the case.

Counsel for plaintiff, before proceeding with the examination of the members of the panel, showed good faith by inquiring if Terry carried liability insurance. Counsel for Terry declining to answer, plaintiff should have been permitted to examine the members of the panel as to their interest or connection with indemnity insurance companies. Absent such an examination, some member or members of the panel who were interested or connected with a company insuring Terry against liability may have been selected on the jury; if so, the plaintiff did not have a fair trial. The refusal to permit the inquiry was error, and there is nothing in the record to indicate it was not prejudicial.

Other assignments of error are without merit and are ruled against plaintiff.

The Star Cab Company having failed to perfect its appeal, the judgment against it is **affirmed.**

The judgment in favor of defendant Terry and against plaintiff is reversed and remanded for the error of the court in refusing to permit a qualification of the jurors as to their relations, if any, with insurance companies interested in the result of the trial. All concur.