**Adele SKINNER, Plaintiff-Appellant,**

v.

**SISTERS OF ST. MARY'S, d/b/a St. Mary's Hospital, Defendant-Respondent.**

**No. 48018.**

Missouri Court of Appeals, Eastern District, Division One.

Jan. 15, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 28, 1985.

Nelson B. Rich, St. Louis, for plaintiff-appellant.

Lawrence J. Hess, Clayton, for defendant-respondent.

GAERTNER, Judge.

Plaintiff appeals from a judgment entered on a jury verdict in favor of defendant on plaintiff's claims for damages due to alleged medical malpractice. The issues raised on appeal do not relate to the facts of plaintiff's injury which was sustained when she fell from her bed several hours after undergoing surgery under a general anesthetic.

The first point asserted by plaintiff is that the trial court erred in refusing to permit prospective jurors to be asked on voir dire examination if they or members of their families had any financial interest in or were employed by defendant's insurance company. In a pre-trial conference, counsel for defendant objected to such a question for the reason that the defendant's insurer, the Missouri Professional Liability Insurance Association, was an association of several hospitals which were self-insured, that no individuals had any financial interest in the association and that it never had an office or any employees in the St. Louis area. On the basis of these repre-

sentations, the trial court sustained the defendant's objection.

The delicate balance between a plaintiff's need to know that prospective jurors have no connection with an interested insurance company and the prejudicial effect upon a defendant of the disclosure of insurance coverage to a jury has proved to be a vexing problem for Missouri courts for many years. As a general rule, we have held the possibility of taint resulting from some connection between a juror and an interested insurer, even though the disclosure of the latter's interest is unlikely, outweighs the prejudice which might result from an inquiry naming the insurance company during voir dire. We trust in the broad discretion of the trial court to prevent abuse. *Boland v. Jando*, 414 S.W.2d 560, 563 (Mo.1967). However, where the insurance question is asked not in good faith but for the purpose of injecting insurance coverage into the minds of the jurors, we recognize the prejudicial effect thereof deprives the defendant of his right to a fair trial. *Murphy v. Graves*, 294 S.W.2d 29, 32–33 (Mo.1956). Good faith in making the inquiry is the fulcrum upon which these conflicting concerns are balanced. *See State ex rel. Highway Commission v. Beaty*, 505 S.W.2d 147, 152 (Mo.App.1974).

Plaintiff argues that the decision in *Aiken v. Clary*, 396 S.W.2d 668 (Mo.1965) should be controlling here. In *Aiken*, the trial court sustained defendant's objection to the insurance question on the basis of an affidavit signed by the president of defendant's insurance company that the company had no stockholders, officers or directors in Missouri and only one employee whose name was not on the jury list. The Supreme Court held this to be error because the affidavit did not include families of the jurors and because plaintiff had no opportunity to cross-examine the affiant. The court acknowledged the possibility of proof sufficient to "satisfy the trial court that there was no possibility that a member of the panel or his family could be a stockholder, officer, director or agent of the insurance company, that questions relating thereto could serve no useful purpose and that such questions could not be asked in good faith." *Id.* at 677. Thus, the determination of error was based solely upon the inadequacy of the form and substance of the affidavit. Because the cause was remanded for other reasons, the prejudicial effect of this error was not considered.

In *Morris v. Duker*, 414 S.W.2d 77 (Mo. 1967), the Supreme Court directly addressed the question of the prejudicial effect of improperly restricting inquiry of prospective jurors regarding their possible relationship with an interested insurer. The trial court permitted a voir dire question about employment by an insurance company but refused an inquiry relating to the juror's holding of a policy of insurance with that company. The Supreme Court stated that such an inquiry was proper and should have been permitted. The court refused to overturn the verdict and judgment, however, because of the plaintiff's failure to show any prejudice by reason of the ruling. The plaintiff, who did not allege in his motion for new trial and prove at a hearing thereon that any member of the jury panel was, in fact, a policyholder, could not claim, in good faith, to have been prejudiced. "The burden is on appellant to establish prejudicial error upon an appeal, [citation omitted], and this rule applies to an order restricting the scope of voir dire examination." *Id.* at 80. This court recently followed the teaching of *Morris* in *Carter v. Parr*, 634 S.W.2d 211 (Mo.App. 1982), wherein the absence of an allegation of prejudice in a motion for new trial and proof thereof at a hearing was found to be fatal to a claimed abuse of discretion in restricting voir dire examination. *Id.* at 213.

Here, plaintiff did not allege in her motion for new trial that she was prejudiced in any way by reason of the trial court's ruling. Nor has she suggested to us any manner in which she sustained any prejudice, unless it be the denial of the illegitimate injection of insurance coverage for that purpose alone. Moreover, in view of the fact that the Missouri Professional

Liability Insurance Association has no stockholders but is an association of hospitals, which are its only insureds, with but a single office and a single employee in Jefferson City, Missouri, it is difficult to perceive of any effect the association's involvement could have upon a St. Louis County jury.[1] In the absence of even a suggestion of possible prejudice, we find no abuse of discretion in the trial court's determination that plaintiff had failed to demonstrate the required good faith foundation for asking the insurance question. Moreover, we are constrained to follow *Morris v. Duker, supra,* the latest decision of our Supreme Court on the subject.

 Plaintiff's final point on appeal relates to the admission in evidence of certain testimony of nurse Patricia Kelly. Her name had not been disclosed by defendant in response to an interrogatory seeking the names of expert witnesses. By motion in limine this fact was brought to the attention of the trial court. Counsel for defendant stated he anticipated the witness would testify as to what she did and observed and to procedures in the recovery room. Whereupon plaintiff's attorney stated he had no objection to her testifying to facts. During her testimony, the trial court sustained each objection of plaintiff's attorney to questions which called for the expression of opinion. The witness was permitted to answer questions pertaining to what she saw and observed and to what her duties were. Only one objection was made to the witness' defining of certain medical terms used by her in describing her actions in caring for plaintiff. She was permitted, over objection, to define the phrase "postanesthetic recovery score" as a prelude to her testimony regarding the entries she made upon plaintiff's hospital record regarding her observation of plaintiff's condi-

tion and appearance in the recovery room. No reversible error is shown here.

Judgment affirmed.

PUDLOWSKI, P.J., and KAROHL, J., concur.

---

1. On appeal plaintiff asserts the representations of defendant's attorney are inadequate to establish the legal status of the Missouri Professional Liability Insurance Association. We do not address that question because it was not presented to the trial court. *See Stroud v. Masek,* 262 S.W.2d 47, 50 [2–4] (Mo.1953). Furthermore, representations of counsel, as officers of the court, regarding insurance coverage have consistently been accepted in the absence of conflicting claims, in which event the plaintiff has the burden of establishing the good faith foundation prerequisite to asking the insurance question. *Murphy v. Graves,* 294 S.W.2d at 33.