John M. CAROTHERS and Marsha Carothers, Appellants,

v.

MONTGOMERY WARD AND CO., INC., Respondent.

No. WD39302.

Missouri Court of Appeals, Western District.

Dec. 15, 1987.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 2, 1988.

Application to Transfer Denied March 15, 1988.

Max W. Foust, Steven D. Steinhilber, Morris & Foust, Kansas City, for appellants.

Hollis H. Hanover, Popham, Conway, Sweeny, Fremont & Bundschu, P.C., Kansas City, for respondent.

Before PRITCHARD, J., Presiding, and GAITAN and COVINGTON, JJ.

COVINGTON, Judge.

John M. Carothers and Marsha Carothers appeal from an adverse judgment in their suit against Montgomery Ward & Company, Inc. The suit for damages alleged the plaintiffs purchased a portable kerosene heater at one of defendant's retail outlets and that the following day the heater burst into flames and caused a fire which burned plaintiffs' home and contents and caused severe personal injury to John M. Carothers. Plaintiffs contend the trial court erroneously refused to allow plaintiffs to ask the jury panel on voir dire whether any prospective jurors, or any members of their families, had any financial interest in or were employed by the defendant's liability insurance carrier. Plaintiffs' request was refused both in pre-trial conference and during the course of voir dire proceedings. The cause is reversed and remanded for new trial.

■ "The rule is settled in this state that a plaintiff is entitled to qualify the jurors as to their relations, if any, with insurance companies interested in the result of the trial." *Smith v. Star Cab Company*, 323 Mo. 441, 445, 19 S.W.2d 467, 469 (1929). Plaintiffs' inquiry was proper and should have been permitted; defendant so acknowledges. In its defense of the trial court's action, however, defendant asserts a requirement of pleading and proof of prejudicial error and argues that plaintiffs were not prejudiced by the trial court's refusal to permit plaintiffs to ask the preliminary insurance question. Plaintiffs neither alleged prejudice in their motion for new trial nor attempted to prove prejudice at hearing on motion for new trial. Defendant relies upon *Morris v. Duker*, 414 S.W.2d 77 (Mo.1967), wherein the court required an allegation in the motion for new trial and proof at the hearing on the motion, or an admission, that one or more of the veniremen was a policyholder of the insurer. Without such allegation and proof of prejudice, there was no basis for reversal of the trial court. In *Morris v. Duker*, however, and in all cases following, with the exception of *Skinner v. Sisters of St. Mary's*, 686 S.W.2d 858 (Mo.App.1985), plaintiff's counsel was permitted to ask the preliminary insurance question on voir dire but was denied permission to ask certain subsequent questions regarding other possible interests of jurors in the defendant's insurance company, such as, for example, whether veniremen were policyholders where the insurer was a non-assessable mutual company. *Morris v. Duker, supra*, at 80. In *Skinner*, the trial court refused plaintiff the right to ask whether prospective jurors or members of their families had any financial interest in or were employed by the defendant's insurance company. The appellate court in *Skinner*, relying on *Morris v. Duker*, required allegation and proof of prejudice to plaintiff. Finding neither, the appellate court affirmed the trial court's refusal to allow plaintiff to ask the preliminary insurance question.

■ *Morris v. Duker*, however, does not require Mr. and Mrs. Carothers to allege prejudice in their motion for new trial nor prove prejudice at hearing on motion for new trial, as to the preliminary insur-

ance question of whether prospective jurors or members of their families had any financial interest in or were employed by defendant's insurance company. *Morris v. Duker,* in fact, presumes the asking of the preliminary insurance question and examines only the extent to which counsel may proceed beyond. *Morris v. Duker, supra,* at 79. The right to trial by jury in the constitutional sense means the right to trial by a fair and impartial jury. Litigants have a right to ascertain which jury panel members are, or might be, interested in the result of a lawsuit, and in particular, plaintiffs have the right to learn if any venireman is connected with an insurance company interested in the litigation. " 'A denial of this right is prejudicial to the party entitled to its exercise' [*Butler v. Talge,* 516 S.W.2d 824, 827 (Mo.App.1974)], and 'has been held to be reversible error,' *Hancock v. Light,* 435 S.W.2d 695, 701 (Mo.App.1968)." *Swift v. Bagby,* 559 S.W.2d 635, 637 (Mo.App.1977).

■ Although a trial court is permitted wide discretion in passing on a motion for new trial which raises an issue concerning qualification of jurors, its discretion applies only to questions of fact. No discretion is available to a trial court in passing on a question of law. Denial of the right to ask a proper insurance question has been designated an issue of law regarding which the trial court has no discretion. *Swift v. Bagby, supra,* at 637–38. From *Smith v. Star Cab Company, supra,* forward there has been no dispute regarding the propriety of permitting plaintiffs to ask the jury panel on voir dire whether the prospective jurors or members of their families had any financial interest in or were employed by defendant's insurer. Plaintiffs have a right to know, not merely to surmise, that there is no possibility whatsoever that a panel member or family member of a panel member has an interest in the outcome of the litigation. Plaintiffs should not be required to assume a burden of pleading and proving prejudice on the motion for new trial where failure to permit the preliminary insurance question is deemed preju-

dicial as a matter of law. Reversed and remanded for new trial.

All concur.