**Donald POLLOCK and Floreine Pollock, Plaintiffs–Appellants,**

v.

**William SEARCY and Farmers Insurance Company, Inc., Defendants–Respondents.**

No. 17471.

Missouri Court of Appeals, Southern District, Division One.

Sept. 18, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 10, 1991.

Philip J. Morgan, Phillips, McElyea, Walker & Carpenter, P.C., Camdenton, for plaintiffs-appellants.

David R. Buchanan, Scott S. Bethune, Brown & James, P.C., Kansas City, Michael R. Baker, Knight, Ford, Wright, Atwill, Parshall & Baker, Columbia, for defendants-respondents.

PREWITT, Presiding Judge.

Plaintiffs sought damages from defendants as a result of a motor vehicle collision. Defendant Searcy was the operator of a motor vehicle which collided with a vehicle operated by plaintiff Donald Pollock. Farmers Insurance Company (Farmers) is plaintiffs' insurance carrier, providing plaintiffs with underinsured motorist coverage. Farmers was made a defendant by plaintiffs on the theory that Searcy was

underinsured, making Farmers liable for damages in excess of Searcy's coverage.

On motion by Farmers, the claim against it was severed from the claim against Searcy. Following jury trial, judgment was entered in favor of plaintiff Donald Pollock for $2,000. Plaintiff Floreine Pollock was not awarded damages. Because the damages awarded were less than Searcy's liability coverage, judgment was entered in favor of Farmers on plaintiffs' claim against it. Plaintiffs appeal.

Plaintiffs' point on appeal states the trial court erred in denying their request to ask during voir dire, "whether any prospective juror or member of their immediate family was an officer, director, agent, employee or stockholder of Farmers Insurance Company ... in that said insurance company is a defendant with a financial interest in the outcome of this proceeding." In the order sustaining Farmers' motion for separate trial, the court stated:

> Motion to sever separate deft Farmers is sustained. All proceedings as to sep. deft Farmer stayed until conclusion of trial of Pl & Searcy. Court shows sep. deft Farmers has specifically requested to sever case & may defend int. of Farmers by appearing as co-counsel for Searcy in trial w/ regard to liab. & damages only.[[1]]

The attorney who had been representing Farmers then entered an appearance "as co-counsel for Defendant William Searcy". In chambers the day trial commenced, just before the jury panel was sworn, plaintiffs' attorney informed the court that he wished to ask the jury panel if "any of you or is any member of your immediate family an officer, director, agent, employee or stockholder of Farmers Insurance Company". Searcy's attorney objected to any mention of Farmers because it was "not a party. They have been severed out." After further discussion the trial court ruled the

jurors could not be questioned about Farmers.[2]

In their joint brief defendants initially contend plaintiffs did not preserve their point for review because no attempt was made to ask the question of the jury panel. They treat this situation as being the same as a trial court's ruling on a motion in limine regarding evidentiary matters. To preserve the question it must again be raised at trial. See e.g. *Anderson v. Rojanasathit,* 714 S.W.2d 894, 895 (Mo.App. 1986); *Annin v. Bi–State Development Agency,* 657 S.W.2d 382, 385 (Mo.App. 1983). However, this situation is different.

If the question is prejudicial as defendants contend, then asking it would taint the panel. Seeking permission to ask the question after the voir dire examination commenced would appear futile as the judge had made a clear ruling a short time earlier.

■ A motion in limine is often ruled well before trial. The trial court's rulings on receiving or rejecting evidence could change depending on occurrences at trial. Rulings on voir dire questions are usually made just before the voir dire and are unlikely to be changed except by questions asked by the objecting party or answers given. There is no contention or indication that anything occurred here that might have changed the trial court's ruling. In a similar situation it was held that the issue of a voir dire question was preserved for appellate review. See *Baxter v. Surgical Clinic of Anniston, P.A.,* 495 So.2d 652, 654 (Ala.1986). The issue is preserved for review.

■ Turning to the merits of this case, a plaintiff is entitled to question jurors as to their relations, if any, with insurance companies interested in results of the trial. *Carothers v. Montgomery Ward and Co.,* 745 S.W.2d 170, 171 (Mo.App.1987). See also *Fawkes v. National Refining Co.,* 235

---

**1.** What issues there might be in the trial other than liability and damages is not clear.

**2.** Plaintiffs and defendants treat Farmers as a party to this appeal although the error claimed occurred in a trial, that, as just noted, Searcy claimed Farmers was "not a party" to. Farmers states in defendants' brief that it "was not a defendant with a financial interest in the trial". As it is not raised nor would it change the result, whether Farmers is a proper party to this appeal is not further discussed.

Mo.App. 433, 130 S.W.2d 684, 688 (1939) (jury can be questioned regarding insurance company which employed counsel who assisted in defense).

■ An uninsured or underinsured motorist carrier can have an interest in a personal injury action and be entitled to intervene in it. See *Frost v. White*, 778 S.W.2d 670 (Mo.App.1989); *Protective Casualty Insurance Co. v. Cook*, 734 S.W.2d 898 (Mo.App.1987).

■ The trial court has no discretion to deny a proper insurance question. *Carothers*, 745 S.W.2d at 172. In *Holland v. Watson*, 118 Ga.App. 468, 164 S.E.2d 343, 345 (1968), error was found in denying plaintiff the right to inquire about any potential juror's relationship to plaintiff's uninsured motorist carrier. The defendant driver in *Holland* was uninsured, but the insurance company has an interest, although perhaps in a lesser amount, where a driver is "underinsured".

■ Defendants state that under the law of Kansas, where the policy was issued, and Missouri, where the collision occurred, Farmers would be subrogated against Searcy, thus he "bore the ultimate financial responsibility for any damages a jury could have awarded". Defendants cite K.S.A. § 40-287 (1968) and § 379.203(4), RSMo 1986. Assuming the right of subrogation, such a right does not preclude Farmers from having an interest in the trial. Collecting from Searcy could be speculative and require additional proceedings.

■ If plaintiffs do not recover or recover no more than Searcy's coverage, Farmers has no exposure. Damages of more than Searcy's limits creates potential liability for Farmers. Therefore, Farmers had an interest in the outcome of the trial. It participated to protect that interest, although ostensibly acting for Searcy. As Farmers had an interest in the trial, it was error to deny plaintiffs' counsel the right to inquire of the venirepersons' relationship to Farmers.

■ From the record it appears that the jury found Searcy to be solely at fault. Thus, the error did not prejudice plaintiffs on the issue of liability. A new trial should be granted only on the issue which may have been affected, damages. See *Berry v. Federal Kemper Ins. Co.*, 621 S.W.2d 948, 954 (Mo.App.1981). See also *Finninger v. Johnson*, 692 S.W.2d 390, 394 (Mo. App.1985) (court of appeals should not order a new trial as to any issue in which no error appears).

The portion of the judgment finding defendant Searcy liable is affirmed. The portion of the judgment relating to Farmers' liability and plaintiffs' damages is reversed and the cause remanded for a new trial on the damages of each plaintiff.

CROW and PARRISH, JJ., concur.