**Robert H. IVY and Carol
A. Ivy, Appellants,**

v.

**Bray O. HAWK, M.D., and Bray O.
Hawk, M.D., Inc., Respondents.**

No. 76730.

Supreme Court of Missouri,
En Banc.

June 21, 1994.

B. Thomas Kearns, St. Louis, for appellants.

Anthony R. Behr, W. Dudley McCarter, Thomas J. Hayek, Eugene Buckley, St. Louis, for respondents.

THOMAS, Judge.

Plaintiffs sued alleging injury as the result of negligent medical treatment. The jury entered a verdict in favor of the defendants. Plaintiffs appealed arguing that the trial court erred in denying their motion for new trial because of an error during voir dire. The Court of Appeals, Eastern District, affirmed the judgment and transferred the case to this Court pursuant to Rule 83.02. We reverse and remand for a new trial.

### FACTS

Plaintiffs, Robert and Carol Ivy, brought a medical malpractice action against Brady O. Hawk, M.D., individually, and against Brady O. Hawk, M.D., Inc. In their petition, the plaintiffs alleged injury to Robert Ivy as the result of negligent medical treatment of a skin condition. In pretrial discovery, plaintiffs learned that defendants maintained a medical malpractice liability insurance policy with Medical Defense Associates, which is located in Springfield, Missouri. During an *in camera* hearing prior to voir dire, plaintiffs' counsel requested the court's permission to ask the "insurance question" to the entire panel of prospective jurors. The proposed question was: "Do any of you or do any members of your family work for or have a financial interest in an insurance company known as Medical Defense Associates?"

Defendants' counsel objected to the question for two reasons. First, he argued that the word "insurance" in the proposed question was improper because it did not appear in the name of Medical Defense Associates. He claimed that the sole reason for adding the word insurance was to highlight the issue to the panel. Defendants' second objection was that there was not a good faith basis for asking the question as required in *Skinner v. Sisters of St. Mary's*, 686 S.W.2d 858 (Mo.App.1985). They argued that there was not a good faith basis for believing that any of the jurors would respond in the affirmative to the proposed question because (1) Medical Defense Associates is a company owned solely by physicians, and there were no physicians on the jury panel; and (2) it is located in Springfield and has only one employee in St. Louis, who was not on the panel. The judge agreed with the defendants and denied the plaintiffs' request to ask the "insurance question." Plaintiffs' counsel then moved that he be permitted to ask the same question, except he omitted the word "insurance." The court denied his second motion, stating that the facts of this case did not justify asking the "insurance question."

On July 23, 1992, a judgment and verdict was entered in favor of the defendants. Plaintiffs filed a motion for new trial asserting that the trial court erred in refusing to allow the plaintiffs' counsel to ask the "insurance question" during voir dire. The motion was overruled. The court of appeals held (1) the trial court erred in denying the plaintiffs' motion to ask the "insurance question," (2) but it did not err in denying the plaintiffs' motion for new trial because they failed to show the error was prejudicial. *Skinner*, 686 S.W.2d 858. The court of appeals then transferred the case pursuant to Rule 83.02 to this Court to resolve a conflict among the appellate districts regarding whether the plaintiffs were required to prove prejudice in their motion for new trial.

### THE PRELIMINARY "INSURANCE QUESTION"

The first issue is whether the trial court erred in refusing to allow plaintiffs' counsel to ask the preliminary "insurance question." This Court has held that the constitutional right to a trial by jury includes the right to a fair and impartial jury. *Moore v. Middlewest Freightways*, 266 S.W.2d 578, 586 (Mo.1954). Parties have the right to know if any of the panel members or their families have a potential interest in the outcome of the lawsuit. *Bunch v. Crader*, 369 S.W.2d 768, 770 (Mo.App.1963). "The rule is settled in this state that a plaintiff is entitled to qualify the jurors as to their relations, if any, with insurance companies interested in the result of the trial." *Smith v. Star Cab Co.*, 323 Mo. 441, 19 S.W.2d 467, 469 (1929). The trial court has no discretion to deny a party the right to ask the preliminary "insurance question" if the proper foundation is laid. *Pollock v. Searcy*, 816 S.W.2d 276, 278 (Mo.App.1991); *Carothers v. Montgomery Ward and Co.*, 745 S.W.2d 170, 172 (Mo.App. 1987); *Swift v. Bagby*, 559 S.W.2d 635, 637 (Mo.App.1977).

A proper foundation requires that a party inquire as to the name of any interested insurance company on the record prior to voir dire. *Yust v. Link*, 569 S.W.2d 236, 239 (Mo.App.1978). This establishes "good faith" on the part of the attorney seeking to ask the "insurance question." Contrary to the defendants' assertion, plaintiffs need not demonstrate that a panel member or the panel member's family has a potential interest in the insurance company in order to have a good faith basis for asking the preliminary "insurance question." *Smith v. Archbishop of St. Louis*, 632 S.W.2d 516, 523 (Mo.App. 1982). Thus, plaintiffs' counsel laid the proper foundation when he requested prior to voir dire and on the record that he be permitted to ask the "insurance question" because of Medical Defense Associates' interest in the case. This established a "good faith" basis for asking the "insurance question."

Once the proper foundation has been laid, the plaintiff has the right to ask the preliminary "insurance question." *Aiken v. Clary*, 396 S.W.2d 668, 677 (Mo.1965), does recognize the possibility that sufficient proof could be offered "to satisfy the trial court that there [is] no possibility that a member of the panel or his family could be a stockholder, officer, director or agent of the insurance

company, that questions relating thereto could serve no useful purpose and that such questions could not be asked in good faith." *Id.* But proof by affidavit, which deprives plaintiff of the opportunity for cross-examination, was held to be insufficient proof. *Id.* Similarly, defense counsel's oral representation in this case that no member of the panel had an interest in Medical Defense Associates was insufficient. Specifically, counsel asserted to the court prior to voir dire that (1) Medical Defense Associates is a company owned solely by physicians, and there were no physicians on the jury panel; and (2) it is located in Springfield and has only one employee in St. Louis, who was not on the panel. Not only was the source of proof inadequate to overcome the plaintiffs' right to ask the insurance question, but it also failed to adequately show that "there was no possibility that any member of the panel or his family could" have an interest in Medical Defense Associates. *Id.*

 The accepted procedure in Missouri for asking the preliminary "insurance question" includes 1) first getting the judge's approval of the proposed question out of the hearing of the jury panel, 2) asking only one "insurance question," and 3) not asking it first or last in a series of questions so as to avoid unduly highlighting the question to the jury panel. *Callahan v. Cardinal Glennon Hosp.*, 863 S.W.2d 852, 871 (Mo. banc 1993). The form of the question is at the trial court's discretion. However, it generally encompasses whether any members of the panel or their families work for or have a financial interest in the named insurance company.

 Plaintiff followed the accepted procedure in Missouri for asking the preliminary "insurance question." He sought the judge's approval to ask the question before voir dire, he proposed to ask only one question, and he offered to avoid highlighting the issue to the jury panel. The second question that the plaintiff proposed to the court followed the format normally approved in Missouri: Do any of you or do any members of your family work for or have a financial

interest in a company known as Medical Defense Associates?[1] We conclude, therefore, that the trial court erred in not allowing the plaintiffs to ask the preliminary "insurance question" to the jury.

Allowing the defendants to ask the preliminary "insurance question" has been the accepted practice in Missouri for many years. The test of time has proven that, as a practical matter, this practice works well. The procedures for asking the preliminary insurance question are simple, straightforward, and easy to apply. Allowing one question preserves the balance of permitting the plaintiffs to know if any members of the jury panel have an interest in the insurance company while avoiding the prejudice of emphasizing the issue of insurance.

A person encountering these rules and procedures for the first time may deem them to be so rigid and inflexible as to be arbitrary. But one of the primary reasons the rule works is that it is simple and totally predictable. The right of the plaintiff to ask the question in almost every case in which insurance is involved is generally not disputed. To the extent that there is any disagreement about the details of how the question is asked, that discussion takes place in chambers prior to voir dire. Thus, we are sticking with the old adage: "If it ain't broke, don't fix it."

### MOTION FOR NEW TRIAL

 The next question is whether the trial court erred in denying the plaintiffs' motion for new trial. In their motion, the plaintiffs alleged that the trial court should have granted them a new trial because it denied them the opportunity to ask the preliminary "insurance question." The denial of the right to ask a proper "insurance question" is an issue of law. *Carothers*, 745 S.W.2d at 172. A trial court has no discretion when ruling on an issue of law in a motion for new trial. *Id.* The trial court, therefore, should have granted the plaintiffs' motion for new trial because they submitted a proper "insurance question."

1. The first question proposed by plaintiffs that referred to Medical Defense Associates as an

"insurance company" was improper because it unnecessarily highlighted the insurance issue.

The defendants argue, however, that in order to be entitled to a new trial, the plaintiffs were required to prove prejudice as a result of not being allowed to ask the "insurance question." *Morris v. Duker,* 414 S.W.2d 77, 80–1 (Mo.1967). The defendants contend that *Morris* and its progeny require the plaintiffs to establish that one of the jurors actually had an interest in Medical Defense Associates. However, *Morris* did not question the right of the plaintiffs to ask the preliminary "insurance question." *Id; see also Carothers,* 745 S.W.2d at 171–2. Instead, it dealt with the right of the plaintiff to ask whether any members of the panel were policyholders of State Farm Mutual Automobile Insurance Company, which is a nonassessable mutual company. This additional inquiry, as well as any follow-up questions, are at the discretion of the trial court. *Morris,* 414 S.W.2d 77; *Carter v. Parr,* 634 S.W.2d 211 (Mo.App.1982). Thus, *Morris* does not require the plaintiffs to prove prejudice in their motion for new trial as to the preliminary "insurance question." It only requires that a party prove prejudice because of the trial court's refusal to allow questioning beyond the preliminary "insurance question." To the extent that *Skinner,* 686 S.W.2d 858, and other cases hold differently, they are overruled.

We are unwilling to place the burden of proving prejudice on the plaintiffs in their motion for new trial as it relates to the preliminary "insurance question." The plaintiffs have a constitutional right to a fair and impartial jury and should not be required after the trial to establish whether they were denied this right because the trial court failed to allow them to properly voir dire the panel. A trial court's denial of the right to ask the preliminary "insurance question" is prejudicial as a matter of law. *Carothers,* 745 S.W.2d at 172.

### CONCLUSION

We reverse and remand for a new trial consistent with this opinion.

All concur.