**Brenda RICHTER and Rodney Richter,
Plaintiffs–Respondents,**

v.

**Linda KIRKWOOD, Defendant–
Appellant.**

No. 25002.

Missouri Court of Appeals,
Southern District,
Division Two.

June 16, 2003.

Motion for Rehearing or Transfer to
Supreme Court Denied July 8, 2003.

Application for Transfer Denied
Aug. 26, 2003.

William G. Levi, Sharon A. Coberly, Angela M. Higgins, Sonnenschein, Nath & Rosenthal, Kansas City, for Appellant.

Kurt J. Larson, Larson Law Firm, Springfield, for Respondents.

JOHN E. PARRISH, Judge.

Judgment was entered, following a jury trial, for Brenda Richter and Rodney Richter (plaintiffs) against Linda Kirkwood (defendant) for damages for personal injuries Brenda sustained in a motor vehicle accident and loss of consortium by her husband, Rodney. This court affirms.

The accident that resulted in the judgment for plaintiffs was a rear-end collision that occurred in Greene County, Missouri, when defendant's vehicle struck the back of a vehicle driven by plaintiff Brenda Richter. The issues on appeal are limited to events that occurred during jury selection regarding identification of attorneys who represented defendant and references during the trial by plaintiffs' attorneys to defendant's "representatives." [1]

1. Plaintiffs assert in their respondents' brief that defendant's brief is deficient for failing to comply with Rule 84.04(c) in setting forth the statement of facts and for failing to comply

Defendant was represented at trial by Kevin K. Stephenson, a staff attorney employed by defendant's insurance carrier, Allstate Insurance Company (Allstate). Defendant filed a motion in limine the morning trial commenced that sought to prevent plaintiffs from "mak[ing] any reference to the fact of defense counsel's affiliation with [Allstate] either during voir dire or during the course of the trial." Plaintiffs' attorney told the trial court plaintiffs needed to know whether any of the panelists recognized Kevin Stephenson and whether they provided goods and services to his employer, Allstate; that this inquiry was needed to determine if there was bias and prejudice on the panel.

Plaintiffs' attorney, in stating his wish to inquire on voir dire about whether panel members had "an affiliation of any kind with counsel's firm, his employer," told the trial judge a policy limits demand had been made and ignored by defendant's insurance carrier. A discussion followed concerning who would be liable to pay any part of a judgment that might exceed defendant's policy limits. Defendant's attorney stated that he originally believed Allstate would be liable for any judgment entered regardless of policy limits, but that since discussing the matter with plaintiffs' counsel the previous day, he had "been set straight." The trial judge asked defendant's attorney his understanding. The attorney replied, "My understanding is that the policy limits are the policy limits, and that whatever occurs over and above that is the responsibility of [defendant]." The trial court responded that the attorney was "in conflict." Defendant's attorney suggested that if the trial court

considered him to be in conflict, he would move to withdraw.

The trial judge expressed concern that "the bad part about that is that we're standing here ready for trial, [plaintiffs' attorney's] prepared for trial, has waited for weeks and months to have a trial setting, and I don't think that—I don't think your client should have the benefit of it." He added that he did not mean defendant when referring to defendant's attorney's client, but meant Allstate. The trial judge added that his concern was "that a potential conflict of interest for a counsel [was] occurring in front of [his] eyes." Defendant was present when the discussion took place. She was asked if she had been told there was a potential that a verdict could be rendered that would be a personal judgment against her above her insurance coverage. Defendant said she had been told that was the case.

Defendant's attorney left the discussion to make a telephone call. When he returned, he told the trial judge he "had a conversation with the managing attorney in [his] office who made the appropriate communications with [Allstate];" that Allstate had informed them it would "pay whatever the judgment is."[2] The trial judge denied the motion in limine. The judge told plaintiffs' attorney he would be permitted to inquire "in the limited fashion in which [he] said."

During voir dire, plaintiffs' attorney asked questions about whether the panel members were acquainted with his clients and their families. He told the panel he was self-employed with the Larson Law Firm; that he had previously been with another firm. He asked if anyone on the panel provided goods or services to either

with Rule 84.04(d) in stating their points relied on. Plaintiffs moved to dismiss the appeal on those grounds. Plaintiffs' motions to dismiss are denied.

**2.** The judgment that was ultimately entered exceeded the policy limits.

of those firms. There were responses from some panel members regarding their employers having provided services for the lawyers. One panel member responded that a lawyer in one of the firms had represented his daughter in a matter.

Plaintiffs' attorney then inquired about panel members' acquaintances with lawyers in a firm who had taken a videotaped deposition on behalf of defendant that would be played to the jury. There were responses from panel members concerning acquaintances with attorneys in that firm. Plaintiffs' attorney then asked the panel about the lawyer representing defendant at trial. He began, "As you know, also representing the Defendant is Kevin Stephenson. Kevin Stephenson is an employee of [Allstate]."

Defendant's attorney told the trial court he was "renewing [his] objection to the question" based on what he had stated in his motion in limine. He moved for mistrial. The objection was overruled and the motion for mistrial denied.

Plaintiffs' attorney continued:

Mr. Stephenson offices out of Lee's Summit, basically Kansas City, Missouri. And some of the other attorneys within the same employer are Bradley McTavish, Patrick Fryer, Randy Crawford, and Jennifer Rose.

Any of you familiar with those attorneys?

Do any of you provide goods and services of any kind to Allstate Insurance Company?

Defendant again objected. The trial court acknowledged the objection stating, "If it's the same objection, I think I can record that at this point unless you need a further record." Defendant's attorney agreed. The trial court noted that the "same objection" was made. The objection was overruled.

Point I contends the trial court erred in permitting plaintiffs to inquire, "in addition to the standard insurance question, whether any member of the venire panel was affiliated with Defendant's counsel's employer, [Allstate]."[3] Defendant argues that this unduly highlighted "the insurance issue by drawing the panel's attention to the fact that [defendant] had liability insurance."

■ The representation in Point I to the contrary notwithstanding, "the standard insurance question" was not asked on voir dire. There was, therefore, no duplicitous inquiry. Point I identifies no issue for review.[4] *See* Rule 84.04(d)(1)(A).

■ Point II contends the trial court erred in denying defendant's motion for mistrial and overruling objections during voir dire to plaintiffs' identification of defendant's trial attorney as an employee of Allstate. Defendant argues plaintiffs unduly highlighted the "insurance issue" because "the Missouri Supreme Court-approved insurance question was not asked but rather the panel was informed that Defendant's attorney was an employee of [Allstate]."

■ Point II infers that there is a single "Missouri Supreme Court-approved insur-

---

**3.** *Ivy v. Hawk,* 878 S.W.2d 442, 445 (Mo. banc 1994), outlines "[t]he accepted procedure in Missouri for asking the preliminary 'insurance question.'" *Ivy* acknowledges that "[t]he form of the question is at the trial court's discretion," but suggests "it generally encompasses whether any members of the panel or their families work for or have a financial

interest in the named insurance company." *Id.*

**4.** Issues reviewed on appeal are limited to those presented in an appellant's point relied on. *Villines v. Mier,* 58 S.W.3d 921, 924 (Mo.App.2001).

ance question." That is not accurate. As observed in n. 2, *supra*, a decision of the Supreme Court of Missouri has acknowledged an accepted procedure for asking a preliminary "insurance question" if a party chooses to ask one. The form of the question, however, is at the discretion of the trial court. *Ivy v. Hawk*, 878 S.W.2d at 445.

The issue of the legality of a corporate insurer's in-house counsel representing the company's insureds was addressed in *In re Allstate Ins. Co.*, 722 S.W.2d 947 (Mo. banc 1987). *In re Allstate* held that, under the facts of that case, an insurance liability company that used in-house, employed attorneys was not engaged in the unauthorized practice of law or doing law business. "The essential facts" on which that case was decided were:

5. Allstate is contractually obligated under its automobile liability insurance policies issued in the State of Missouri to provide a defense for its insureds when bodily injury and property damage liability lawsuits are brought against Allstate's insureds in any court, state or federal.

6. Allstate employs attorneys licensed to practice law in Missouri on a full-time salaried basis to defend its insureds in certain lawsuits brought in the federal and state courts of Missouri involving claims against said insureds for personal injuries and property damage *when such alleged injuries or damages are covered by the policy of insurance issued by Allstate to its insured.*

7. All salaried trial counsel employed in Missouri by Allstate are full-time employees of Allstate who are duly licensed to practice law in Missouri and are in good standing to practice law under Missouri Rules. (Emphasis supplied).

*Id.* at 948–49

The facts in this case differ from those on which *In re Allstate* was decided in that the amount of damages plaintiffs sought at trial exceeded coverage provided by the policy of insurance issued by Allstate. Allstate's attorney was prepared to go forward with the trial, representing defendant, notwithstanding those circumstances until the trial judge pointedly suggested that would likely be a conflict. Following communication by the trial attorney with his "managing attorney" who "made the appropriate communications with [Allstate]," resolution of the potential conflict was attempted by means of the attorney acknowledging on the record that Allstate would "pay whatever the judgment is." Determination of whether a conflict existed or, if it did, whether the actions taken resolved the problem are not issues to be decided in this appeal. The circumstances surrounding those issues, however, provide the background for determination of the question of the propriety of plaintiffs' inquiries on voir dire.

Allstate, as defendant's insurer, chose to use employed in-house counsel to meet its contractual obligation to provide defendant's defense. The inquiry plaintiffs' attorney made on voir dire was tailored to ascertain whether defendant's attorney's status as an employee of Allstate would result in an interest or bias of panel members that would be adverse to plaintiffs.

In *Page v. Unterreiner*, 106 S.W.2d 528 (Mo.App.1937), this court explained:

If, in attacking the credibility of a witness in a case, it is necessary to show that he is employed by an insurance company interested in the outcome of the case, it is not reversible error to allow such showing for the reason that it is proper to show the possibility of bias and prejudice on the part of the witness. *Snyder v. Wagner Elec. Mfg. Co.*, 284 Mo. 285, 223 S.W. 911 [(1920)]. The thing that determines the admissibility

of such evidence is whether or not it tends to prove any issue in the case or is relevant or material for any legitimate purpose, and if so it cannot be excluded on the ground that it may tend to prejudice the defendant, or because it tends to show that the defendant had indemnity insurance. *Paepke v. Stadelman,* [222 Mo.App. 346, 300 S.W. 845 (1927) ]; *Jablonowski v. Modern Cap Mfg. Co.,* 312 Mo. 173, 279 S.W. 89 [(banc 1925)]; *Garvey v. Ladd,* 266 S.W. 727 [(Mo.App. 1924)]; *Carlson v. Auto Transit Co.,* 221 Mo.App. 537, 282 S.W. 1037 [(1926)].

*Id.* at 537–38.

The same rationale is apropos with respect to voir dire inquiry of prospective jurors. It was within the trial court's discretion to allow plaintiffs' attorney to show that defendant's attorney was an employee of Allstate to ascertain whether that circumstance would result in bias or prejudice on the part of prospective jurors. Plaintiffs' attorney treated the situation with respect to defendant's trial attorney the same as he did regarding the other attorney who was not employed by Allstate but who had deposed a witness and would be identified to the jury by means of the videotaped deposition. Plaintiffs' attorney identified the organization, be it law firm or corporate insurance company, for whom each worked, as well as the other lawyers who worked in the respective offices. He made the same inquiry concerning any relationship the panel members might have had with each employer and each member of the two offices.

This court holds that if such an inquiry is made in good faith and in a manner that does not transmogrify the issue in the case from whether defendant was liable to whether the defendant had insurance, a trial court does not abuse its discretion in permitting the inquiry. The record in this case does not afford a basis for this court

to conclude that plaintiffs' inquiry was not made in good faith. The trial court did not abuse its discretion in permitting the inquiry and denying defendant's motion for mistrial. Point II is denied.

■ Point III is directed to defendant's motion for mistrial at the close of plaintiffs' evidence. It asserts the trial court erred in denying the motion "after Plaintiffs' counsel repeatedly and improperly referred to insurance before the jury"; that "after having advised the jury panel that [defendant's] attorney was an employee of [Allstate], Plaintiffs' counsel made repeated and legally improper references to Defendant's 'representatives' during the course of the trial, thereby further implying to the jury that Defendant had a liability insurer that investigated the accident and provided liability coverage."

Plaintiffs argue that the claimed error defendant raises in Point III was not raised by objection when the term "representatives" was used. Plaintiffs contend Point III is an attempt to convict the trial court of error for something defendant failed to timely raise at trial.

Defendant responded by reply brief that all that was required to preserve the issue in Point III for appellate review was for the issue to have been included in the motion for new trial; that this sufficiently placed the issue before the trial court for resolution. Defendant refers this court to *Eagleburger v. Emerson Electric Co.,* 794 S.W.2d 210 (Mo.App.1990), as support for this argument.

Defendant's reliance on *Eagleburger* is misplaced. *Eagleburger* states that "[a] claim of error on appeal is limited to that advanced in the motion for new trial." *Id.* at 221. That statement, however, is made in the context of a motion for new trial that asserted a different basis for relief than had been raised by objection at trial. The holding in *Eagleburger* is that an objection not carried forward in a motion for

new trial fails to preserve the issue raised at trial for purposes of appellate review. *Eagleburger* does not stand for the proposition that an issue not put before the trial court during trial of a jury case is preserved for appellate review by stating it in a motion for new trial.

■ Defendant has not referred this court to any place in the trial record where her trial counsel objected to references by plaintiffs' attorney to defendant's representatives. "In order to preserve a point for appellate review the point raised on appeal must be based upon the theory of the objection as made at the trial and as preserved in the motion for new trial." *State v. Ball,* 622 S.W.2d 285, 291 (Mo. App.1981). *See also Khan v. Gutsgell,* 55 S.W.3d 440, 442 (Mo.App.2001) ("Assuming a proper objection is made, the party must then set forth the same objection in their motion for new trial and in their appellate brief."). Point III is denied.

Defendant's final point on appeal, Point IV, is a reassertion of issues disposed of by Points I, II and III. Point IV argues the trial court erred in denying defendant's motion for new trial because plaintiffs had "impermissibly injected [insurance] into the case" by reason of plaintiffs' counsel "informing the jury that Defendant's counsel was an employee of [Allstate] and referring to Defendant's representatives during trial." "As none of the points constitute error, the alleged errors cannot rise to the level of cumulative prejudicial error." *Elliott v. Mid–Century Ins. Co.,* 701 S.W.2d 462, 467 (Mo.App. 1985). Point IV is denied. The judgment is affirmed.

PREWITT, P.J., and RAHMEYER, C.J., concur.