

# SUPREME COURT OF MISSOURI
## en banc

ABRAHAM J. EOFF and )
CRYSTAL M. EOFF, Individually )
and as Plaintiffs Ad Litem for )
SOPHEE R. EOFF, )
)
     Appellants, )
)
v. )     No. SC97640
)
JENNIFER K. McDONALD, D.O., )
and SEASONS HEALTHCARE )
FOR WOMEN, P.C., )
)
     Respondents. )

*Opinion issued August 13, 2019*

### Appeal from the Circuit Court of St. Louis County
### The Honorable Kristine Kerr, Judge

Abraham and Crystal Eoff appeal the judgment against them following a jury verdict in favor of defendants Jennifer K. McDonald, D.O., and Seasons Healthcare for Women P.C. The Eoffs allege the circuit court committed reversible error when it refused to allow their counsel additional voir dire time so he could ask the "insurance question" after counsel forgot to ask it during his initial voir dire. This Court affirms. The parties do not challenge the holding in *Ivy v. Hawk, 878 S.W.2d 442 (Mo. banc 1994),* that a party has the right to ask the insurance question during voir dire if the proper procedure is used so as to avoid unduly highlighting the question. But, in so

holding, *Ivy* did not divest the circuit court of its discretion to control the proper timing and form of voir dire questioning, including discretion as to whether counsel's proposed procedure would unduly highlight the question. Here, once the Eoffs' counsel forgot to ask the insurance question during multiple hours of voir dire, the circuit court acted within its discretion in finding it would unduly highlight the question to allow counsel to recommence his questioning to ask it as one of a small number of extra questions after voir dire otherwise had concluded.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Abraham and Crystal Eoff brought a medical negligence claim in St. Louis County against Jennifer K. McDonald, D.O., and Seasons Healthcare for Women P.C. for the wrongful death of their daughter during delivery. Before trial, the Eoffs learned that Missouri Doctors Mutual Insurance Company (MDMIC) provided medical malpractice liability insurance to Dr. McDonald and Seasons Healthcare. MDMIC is a small insurance company with approximately 20 employees, located 50 miles north of Kansas City in St. Joseph, Missouri.

In *Ivy,* this Court held that, when one party has insurance, it is reversible error not to permit the other's counsel to ask the venire members whether they work for or have a financial interest in the insurer, so long as counsel asks a proper question in a manner that does not unduly highlight what is generally referred to as "the insurance question." *Id. at 445*. In setting out an acceptable method for asking the insurance question, *Ivy* required the plaintiff's counsel first to submit and obtain the circuit court's approval of the form of the proposed question outside of the venire panel's hearing and then to avoid unduly

2

highlighting the question by not asking it first or last in a series of questions. *Id.* In accordance with *Ivy,* before jury selection began, the Eoffs' counsel requested permission to ask the following question: "Is anyone here employed by or have a financial interest in Missouri Doctors Mutual Insurance Company?" Opposing counsel had no objection to the question's form, and the circuit court ruled the Eoffs' counsel could ask it during the plaintiffs' voir dire. Thereafter, however, the procedure utilized diverged from that envisioned in *Ivy.*

The Eoffs' counsel's voir dire questioning was lengthy, covering 173 pages of the transcript. Of those, 138 pages covered the period from mid-morning through the noon lunch break and up to an afternoon break, when the circuit court told the Eoffs' counsel he needed to "wrap it up" so the defendants would have time to complete their voir dire that day and the jury could be seated the next morning. The Eoffs' counsel, nonetheless, took another 35 pages of transcript to complete his voir dire questioning.

Defense counsel completed his voir dire after approximately an hour. The circuit court then turned to the Eoffs' counsel and said, "Plaintiff's side, you're done as well?" Counsel for both sides approached the bench, and the Eoffs' counsel said:

> Your Honor, I in my haste to move in [sic], and looking at my buried and entrenched question, I forgot to ask the insurance question. So now I'm in the problem of I can't ask it by itself in -- standing alone, I have three questions I can ask at this juncture. But I apologize, it's partly my negligence. My effort was try [sic] to resolve getting my end sped up.

Defense counsel objected, stating:

> Yeah, well, no, the one thing I'd say is obviously even if he has three question[s] now the insurance question becomes highlighted. I mean, the one thing we've said many times in all these cases is, there's not a single

3

person in this room who's related to Missouri Doctors Mutual Insurance Company because the insurance company's out of St. Joe, all the employees are in St. Joe. And the only insurers are doctors, and there's no doctors on this jury. So there's nobody that has any rational, reasonable basis to answer that question yes.

Although the statement by Eoffs' counsel suggested his failure to ask the insurance question was due to "haste" in complying with the circuit court's request to move along, the record shows the circuit court did not otherwise curtail the Eoffs' voir dire period after asking counsel to move along. Rather, the Eoffs' counsel engaged in extensive questioning following the circuit court's request until he turned voir dire over to defense counsel.

After considering both sides' arguments, the circuit court rejected the Eoffs' counsel's request. In doing so, she noted were she to allow him to continue with his voir dire, "the prejudice is more to the other side by unduly highlighting" the defendants' insurance, particularly when the circuit court noted there was almost no likelihood of an affirmative answer given that MDMIC was a small, specialized insurance company from across the state.

The following morning, the circuit court swore in a jury. After six days of trial the jury found in favor of Dr. McDonald and Seasons Healthcare. The circuit court overruled the Eoffs' motion for new trial. Following an opinion by the court of appeals, this Court granted transfer. *Rule 83.04.*

## II. STANDARD OF REVIEW

The sole issue raised on appeal is whether the circuit court erred in refusing to allow the Eoffs' counsel to ask the insurance question outside of their original portion of

4

voir dire.  "The denial of the right to ask a proper 'insurance question' is an issue of law."  *Ivy, 878 S.W.2d at 445*.  If the procedure for asking the insurance question is properly followed so as to avoid unduly highlighting the insurance question, and the circuit court incorrectly denies the request, *Ivy* held prejudice is presumed.  *Id. at 446.*  But if *Ivy* is not violated, "the trial judge is vested with the discretion to judge the appropriateness of specific questions, and is generally vested with wide discretion in the conduct of *voir dire.*"  *State v. Oates, 12 S.W.3d 307, 310 (Mo. banc 2000).*  This generally includes "[t]he nature and extent of questioning."  *State v. Nicklasson, 967 S.W.2d 596, 608 (Mo. banc 1998).*  When prejudice is not presumed under *Ivy,* "[a]n appellate court will find reversible error only where an abuse of discretion is found and the defendant can demonstrate prejudice."  *Oates, 12 S.W.3d at 311.*

### III.  IVY *DOES NOT PRECLUDE CIRCUIT COURT CONTROL OF THE TIMING AND FORM OF THE INSURANCE QUESTION*

The Eoffs claim that *Ivy* gives plaintiff's counsel a right to ask the "insurance question" whenever counsel does so in the manner set out in *Ivy*; therefore, the circuit court was without discretion to deny their counsel the right to continue his questioning, regardless of the other circumstances in voir dire, because he offered to ask it between two other questions to avoid highlighting it.  The Eoffs misconstrue *Ivy*.

*Ivy* is one in a long line of Missouri cases, going back at least as early as 1929, holding the circuit court has no discretion to refuse to permit the plaintiff's counsel to inquire into a juror's potential relationship with the defendant's insurer even though evidence of a defendant's liability insurance is inadmissible under the collateral source

rule.  *See Smith v. Star Cab Co., 19 S.W.2d 467, 469 (Mo. 1929)*.  Defense counsel did not challenge the correctness of the *Ivy* rule below or in this Court, so *Ivy* governs, and this Court will not question its holding here.

But neither *Ivy* nor similar decisions give counsel the unqualified right to ask the insurance question whenever or however counsel wishes.  Rather, as noted in *Taylor v. Republic Automotive Parts, Inc., 950 S.W.2d 318, 321 (Mo. App. 1997),* the procedure of allowing counsel to ask a single insurance question in a manner that does not highlight it:

> has developed as a balance between two competing concerns, both based on the premise that parties to a lawsuit have the right to a fair and impartial jury. On the one hand is the right of the parties to know if any of the potential jurors or their families have an interest in the outcome of the lawsuit. On the other hand is the desire to avoid prejudicing the jury by emphasizing the existence of liability insurance coverage.

(citations omitted).  It was in furtherance of this goal to avoid highlighting the presence of insurance that *Ivy* approved a procedure also approved by prior Missouri cases:

> 1) first getting the judge's approval of the proposed question out of the hearing of the jury panel, 2) asking only one "insurance question," and 3) not asking it first or last in a series of questions so as to avoid unduly highlighting the question to the jury panel. *Callahan v. Cardinal Glennon Hosp.*, 863 S.W.2d 852, 871 (Mo. banc 1993).

*878 S.W.2d at 445*.  If this procedure is followed, the circuit court must allow the insurance question to be asked.  *Id. at 444*.  But the circuit court does have discretion in approving the form of the question.  *Id. at 445*.

The problem for the Eoffs is that the circuit court gave their counsel permission to ask the insurance question.  The court having done its part, it then was up to the Eoffs' counsel to do his by asking the question, but he failed to do so during his lengthy voir

6

dire. It was only after the Eoffs' counsel had asked all of his other questions, and defense counsel had finished his voir dire, that the Eoffs' counsel recalled he had failed to ask the insurance question – and only the insurance question – and asked for permission to do so. Counsel's contention that *Ivy* still controlled the circuit court's discretion at that point, and required the circuit court allow his question, is simply incorrect. *Ivy* did not address this situation.

In *Ivy*, the circuit court refused to allow counsel to ask any insurance question. *Id. at 444*. *Ivy* held this was wrong and provided guidance as to how a proper question could be asked. *Id. at 445*. It did not otherwise divest the circuit court of its discretion to control the sequence and timing of voir dire. "While a necessary component of a guarantee for an impartial jury is an adequate *voir dire* that identifies unqualified jurors ... the trial judge is vested with the discretion to judge the appropriateness of specific questions, and is generally vested with wide discretion in the conduct of voir dire." *State v. Baumruk, 280 S.W.3d 600, 614 (Mo. banc 2009)* (alterations in original) (quotations omitted). This includes "wide discretion" as to "[t]he nature and extent of questioning." *Nicklasson, 967 S.W.2d at 608*.[1]

While neither *Ivy* nor any other decision of this Court has had occasion to apply these principles to a situation in which counsel forgot to ask the insurance question until after the planned portion of voir dire was complete, the court of appeals did address a

---

[1] Further, despite the stress the Eoffs put on the circuit court's directive to "wrap it up," it is evident from the record that the only question counsel forgot due to haste was the insurance question. Most of the morning and a good part of the afternoon of the first day of trial was devoted to the Eoffs' voir dire, and the Eoffs do not, and could not, claim on

very similar situation in *Buckallew v. McGoldrick, 908 S.W.2d 704 (Mo. App. 1995)*. There, as here, counsel forgot to ask his planned and approved insurance question during his portion of voir dire. *Id. at 706.* Once voir dire was concluded, he requested more time with the venire panel to ask the "insurance question." *Id.* The circuit court rejected his request due to concern about highlighting the insurance question. *Id.* The appellate court affirmed, stating:

> *Ivy* reveals that the court has no discretion to refuse one's right to ask a proper "insurance question." [This] case is distinguishable from *Ivy*, however, because the court initially granted counsel the right to ask the proffered question. It was only after counsel "forgot" to ask the question during voir dire that the court made the denial which is now contested.

*Id. at 708.*[2] *Buckallew* held the circuit court did have discretion to deny counsel's request to reopen voir dire for the sole purpose of asking the "insurance question" because to do so would unduly highlight the question, in contravention of *Ivy*:

> The trial court offered counsel reasonable opportunity to inquire as to the panel's insurance connections. Counsel failed to seize that opportunity and therefore waived the right to ask the "insurance question." A new trial is only required upon the denial of "the right to ask a *proper* 'insurance question.'" *See Ivy*, 878 S.W.2d at 445 (emphasis added). The proposed question in [this] case was not proper, due to its untimeliness.

*Id.* The same holds true here. By failing to take advantage during their voir dire of the

---

appeal that the circuit court unduly or unfairly limited their time for questioning the jury.
[2] In *Buckallew,* and at the trial level in the present case, the circuit court erroneously also suggested that no prejudice could have resulted from not allowing the insurance question to be asked because the insurer was a small company from a different area and so was unlikely to have a connection to any venireperson. *908 S.W.2d at 708. Ivy* made it clear this is an insufficient basis to preclude the plaintiff's counsel from asking the insurance question, however, as the plaintiff has the right to discover whether there is any such connection. *878 S.W.2d at 446.*

opportunity to ask the question in a manner that would not unduly highlight the question, the Eoffs took themselves outside the procedure approved in *Ivy*. It was then up to the circuit court to consider the circumstances and determine whether allowing their counsel to ask the question at the very end of voir dire would contravene the principle underlying *Ivy* that counsel must present the question in a manner that does not unduly highlight it. The circuit court did not abuse its discretion in finding the asking of the insurance question at this late point would unduly highlight it.

The Eoffs attempt to distinguish *Buckallew* by arguing in that case, the jury had actually been told voir dire was complete, while here, that was not the case. *908 S.W.2d at 706.* This was not the basis of the ruling in *Buckallew*, however. As just quoted, the decision was based on the fact counsel had been offered the opportunity to ask the insurance question but had failed to do so, making the question untimely. *Id. at 708.* That aspect of *Buckallew*'s rationale fully applies here.

The Eoffs further note that in *Buckallew*, counsel asked to reopen voir dire to ask only the insurance question, *id.,* whereas, in this case, the Eoffs' counsel offered to add in two unrelated questions and place the insurance question between them. But this ignores *Buckallew*'s statement that, even had counsel offered to surround the insurance question with a few other questions, "it is not unreasonable to conclude that [counsel's] strategy of asking several questions would still place undue emphasis on the issue of insurance." *Id.* This reasoning also applies here.

Having offered the Eoffs' counsel the opportunity to ask the insurance question in a timely manner that did not highlight it, as approved in *Ivy,* and counsel effectively

9

having waived that right, it was not incumbent on the circuit court to give him a second chance to ask the question after the circuit court concluded the timing would unduly highlight the insurance question by isolating it at the very end of voir dire. "[I]t is well-settled that the trial court is better suited than an appellate court to judge the effect that 'insurance questions' have on a jury panel." *Banks v. Vill. Enters., Inc., 32 S.W.3d 780, 794 (Mo. App. 2000)*. Unduly highlighting the fact that the defendants carried insurance is the very ill that *Ivy* sought to cure by setting out its three-step procedure. *878 S.W.2d at 445* ("Allowing one question preserves the balance of permitting the plaintiffs to know if any members of the jury panel have an interest in the insurance company while avoiding the prejudice of emphasizing the issue of insurance").

## IV.    CONCLUSION

The judgment is affirmed.

_____
**LAURA DENVIR STITH, JUDGE**

Wilson, Russell, Powell, Breckenridge, and
Fischer, JJ., concur; Draper, C.J., dissents.

10